**STODDARD v. UNITED STATES.**

**Civ. A. No. 6872.**

District Court, D. Massachusetts.

Feb. 17, 1948.

William J. Kelly, of Boston, Mass., for plaintiff.

William T. McCarthy, U. S. Atty., and Edward O. Gourdin, Asst. U. S. Atty., both of Boston, Mass., for defendant.

SWEENEY, District Judge.

This is an action brought under the Federal Tort Claims Act, § 401 et seq., 28 U. S.C.A. § 921 et seq. It involves an accident which happened within a few hours after the plaintiff had been discharged from the United States Army. He was riding on a Government bus which collided with an army ambulance. There can therefore be little doubt of the liability in this case.

### Findings of Fact

On November 21, 1945, the plaintiff was discharged from the United States Army at Fort Bragg, North Carolina. He was being taken in a Government bus to the Main Post Bus Station in the center of Fort Bragg when the bus in which he was riding collided with an army ambulance. The plaintiff was thrown from the bus and received multiple wounds, abrasions, and contusions, with a particularly severely contused wound with a hematoma on the rear of his left thigh. He was treated in the camp hospital for about eight days and then came to his home in Boston. Although he made one or two applications for treatment under the Veterans' facilities he was not thereafter hospitalized. Upon his arrival in Boston he had to go about at first with crutches and later with a cane.

On February 1, 1946, when he first went to Dr. Breslin for treatment, he was walking with a cane. Shortly thereafter Stoddard went to work for an insurance company where he is still employed.

His principal cause of complaint was what was at first thought to be the hematoma on the left thigh. Dr. Breslin so diagnosed it when he saw the man on February 1, 1946. Later, when Dr. Breslin examined him and when the hematoma had cleared up, he detected that the sheath of a muscle in the rear upper part of the left thigh had split, and that there was a herniated muscle protruding therefrom. He was previously unable to reach this diagnosis because the hematoma covered the herniated sheath. The swelling which was present on the first examination by Dr. Breslin has diminished considerably, but today there is a swollen area about three inches in each direction and probably an inch in height.

Prior to his entrance into the military service, the plaintiff worked as a foreman designer of tools, making in the vicinity of $100 a week. At the present time he is making $80 a week. When he first went to work for his present employer he started at about $30 a week, but his salary has increased and today he is the District Manager of the insurance branch office. The plaintiff has not tried to resume his prewar occupation but feels that he cannot because it would involve too much walking. The only medical expenses in this case are Dr. Breslin's bill of $50, and a bill for board received from the Fort Bragg Army Hospital in the approximate amount of $15.

The plaintiff still suffers pain from his injury when he stands on his feet for a long period of time, or attempts to walk any distance. Whether or not the muscle sheath can be brought together about the muscle is a matter which can only be determined after an exploratory operation.

### Conclusions of Law

Taking all of these things into consideration, I conclude and rule that the plaintiff is entitled to a judgment against the United States of America in the sum of $6,065.