EDWARD F. MOELLER, PLAINTIFF-RESPONDENT, v. WESTON TRUCKING AND FORWARDING CO., INC., AND FRANK J. HAYES, JOINTLY, SEVERALLY AND IN THE ALTERNATIVE, DEFENDANTS-APPELLANTS.

Submitted October 31, 1947—Decided March 1, 1948.

Before Justices BODINE, HEHER and WACHENFELD.

For the appellants, *James A. McTague.*

For the respondent, *Sanderson & Engel* (*Frederick W. Engel,* of counsel).

The opinion of the court was delivered by

HEHER, J.  A jury rendered a verdict in favor of plaintiff for damages to his automobile resulting from a collision with defendant's truck; and defendant appeals.

Plaintiff adduced evidence, without objection, from an automobile mechanic that the reasonable cost of repairing the damage done was $184.25, the amount awarded by the jury; and the sole ground of appeal argued is that there was error in the denial of defendants' motion for a nonsuit for want of "proper proof of the damages" alleged.  It is said that the measure of damages is the difference in the value of the car immediately before and after the injury, and therefore the evidence was "clearly insufficient to establish the amount of the damage." .

But even though there was no proof of actual damage, plaintiff was entitled to nominal damages, and the motion to nonsuit was therefore properly denied.  Negligence is ordinarily not actionable unless injury results to another.  Injury is of the essence of the right of action—the gravamen of the cause of action.  *Ochs* v. *Public Service Railway Co.,* 81 *N. J. L.* 661.  The fundamental legal concept of a tort is a wrong with resulting damage, but the damage requisite to render the injury actionable is frequently implied or presumed.  The law ordinarily infers damage from the invasion of a legal right; and, if there be no showing of actual loss, the law vindicates the right by awarding nominal damages.  The injury imports damage.  *Klein* v. *Shryer,* 106 *Id.* 432; *Spiegel* v. *Evergreen Cemetery Co.,* 117 *Id.* 90.  And compare *VanSchoick* v. *VanSchoick,* 76 *Id.* 242.  Here, injury in fact was established; and, in the absence of evidence providing a basis for the admeasurement of the actual damage, plaintiff would be entitled to nominal damages.

Moreover, while the difference in the market value of the vehicle immediately before and immediately after the injury ordinarily constitutes the measure of damage in such circumstances, the reasonable value of the repairs necessary to restore the vehicle to its former condition is evidential on this inquiry, and may be sufficient in itself to establish the damages if less than the diminution in market value due to the

injury and not in excess of the value of the vehicle itself as it was before the injury. *Parisi* v. *Friedman,* 134 *N. J. L.* 273; *Hintz* v. *Roberts,* 98 *Id.* 768; *Gass* v. *Agate Ice Cream, Inc.,* 264 *N. Y.* 141; 190 *N. E. Rep.* 323. There is no suggestion here of a violation of this limitation.

Judgment affirmed, with costs.