**John P. HEALY, an infant, by Loretta Healy, his Guardian ad Litem, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

United States District Court
S. D. New York.

March 15, 1961.

Herbert L. Brickman, New York City, for plaintiff. William J. Callahan, Brooklyn, N. Y., of counsel.

S. Hazard Gillespie, Jr., U. S. Atty., New York City, for defendant. Paul L. Meaders, Asst. U. S. Atty., New York City, of counsel.

WEINFELD, District Judge.

This action was instituted by the plaintiff under the Federal Tort Claims Act,[1] wherein plaintiff seeks to recover damages in the sum of $2,000,000, charging that due to negligent and careless cer-

1. 28 U.S.C.A. § 1346(b).

tification by Air Force doctors he was found physically qualified for service and inducted into the Air Force despite a disqualifying heart condition, which he alleges was aggravated during the course of his basic training.

The Government moves, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. to dismiss the complaint on the ground (1) that it fails to state a claim upon which relief can be granted, since the claimed injury arose out of and was incident to military service, and hence is not compensable under the Act, and (2) that this Court lacks jurisdiction over the subject matter, since the examination and certification by which plaintiff was physically qualified for military service involved the exercise of a discretionary function on the part of the certifying doctors, within the exception to the waiver of sovereign immunity under the Act.[2]

The complaint alleges that on December 18, 1958 the plaintiff, while a civilian, was examined at the United States Air Force Recruiting Station at Newark, New Jersey, by an Air Force doctor to determine whether he was physically qualified for service in the Air Force; that thereafter, on or about February 16, 1959, he was certified as physically qualified; that on the same day he was formally sworn into service and immediately ordered to Lackland Air Force Base in Texas for basic training; that the injury for which he seeks to recover damages herein occurred during his basic training period, when he was forced to participate in strenuous activities; that as a result he was hospitalized and thereafter discharged from the Air Force on April 30, 1959 by reason of physical disability, a disqualifying heart condition, which existed prior to his entry into service.

The essence of the plaintiff's claim is that he was negligently and carelessly examined on December 18, 1958 and found qualified by the examining physician, despite his disqualifying heart condition; further negligence is charged on February 16, 1959, when it was again determined that he was physically qualified and was ordered into basic training notwithstanding his condition.

Thus, under the complaint,[3] the claimed negligent conduct was committed prior to his induction into the Air Force, whereas the injury occurred thereafter as a result of activity while a member of the armed forces.

Under the first branch of the motion, the Government contends that the action is barred under the authority of Feres v. United States.[4] That decision, which involved three separate cases, denied recovery under the Federal Tort Claims Act for injuries sustained by servicemen on the ground that the injuries occurred while they were on active duty. Later, in United States v. Brown,[5] the Supreme Court adhered "to the line drawn * * * between injuries that did and injuries that did not arise out of or in the course of military duty."

The plaintiff argues that Feres is distinguishable on the ground that the claimed negligent conduct of certification and induction occurred when he was still a civilian and not a member of the armed forces.

The Court has found no case on all fours with the facts here presented. However, the Feres case may helpfully be considered since it gives direction to the issue posed by the instant case. But

---

2. 28 U.S.C.A. § 2680(a) provides: "The provisions of * * * section 1346(b) of this title shall not apply to—
   (a) Any claim * * * based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."

3. As amplified by details submitted to the Court by plaintiff's counsel on March 8, 1961, following a conference attended by counsel representing the parties.

4. 1950, 340 U.S. 135, 71 S.Ct. 153, 95 L. Ed. 152.

5. 1954, 348 U.S. 110, 113, 75 S.Ct. 141, 144, 99 L.Ed. 139.

merely to state its precise holding that the Federal Tort Claims Act does not afford a remedy "for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service," [6] does not resolve the pending question; it but leads to further inquiry as to whether the injuries here complained of are embraced within the area of exclusion.

■ The Supreme Court commented upon the absence of legislative history to aid it in its task of statutory construction. It readily acknowledged that there were considerations of a persuasive character which, absent countervailing factors, warranted the imposition of liability under the Act. Nonetheless, upon an evaluation of all relevant matters, it concluded that the Government cannot be held liable thereunder and stated:

"Without exception, the relationship of military personnel to the Government has been governed exclusively by federal law. We do not think that Congress, in drafting this Act, created a new cause of action dependent on local law for service-connected injuries or death due to negligence. We cannot impute to Congress such a radical departure from established law in the absence of express congressional command." [7]

Thus, essentially it was the Government-soldier relationship which led the Court "to read that Act as excluding claims of that character." [8]

In view of this conclusion, may it be said that because the plaintiff asserts that the negligence was committed by the examining physician before his actual induction into the Air Force, his injury was not sustained in the course of activity incident to his military service? I think not, although there is a surface plausibility to plaintiff's contention.

■■ Negligence is the gist of the action under the Federal Tort Claims Act, but mere negligence does not support a claim. Unless consequent injury results from the breach of duty, no cause of action exists.[9] It is only the injury which constitutes the invasion of the personal right which is compensable. The rule has been succinctly set forth in the oft-cited case of Schmidt v. Merchants Despatch Transp. Co.: [10]

"Though negligence may endanger the person or property of an-

6. Feres v. United States, 1950, 340 U.S. 135, 146, 71 S.Ct. 153, 159, 95 L.Ed. 152.

7. Ibid.

8. United States v. Brown, 1954, 348 U.S. 110, 112, 75 S.Ct. 141, 99 L.Ed. 139. Where this relationship begins and ends is not yet entirely clear. It certainly extends to torts suffered while on active duty. Feres v. United States, 1950, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152; Buer v. United States, 7 Cir., 1956, 241 F.2d 3, 64 A.L.R.2d 674, certiorari denied 1957, 353 U.S. 974, 77 S.Ct. 1059, 1 L.Ed.2d 1136. Compare Stoddard v. United States, D.C.D.Mass.1948, 75 F.Supp. 839. Likewise, it covers those wrongs which, although not sustained in the course of active duty, are so closely related to it that they may be deemed "incident" to such duty—particularly those arising from life on the military reservation. United States v. United Services Automobile Ass'n, 8 Cir., 1956, 238 F.2d 364; Preferred Ins. Co. v. United States, 9 Cir., 222 F.2d 942, certiorari denied 1955,

350 U.S. 837, 76 S.Ct. 74, 100 L.Ed. 747; Zoula v. United States, 5 Cir., 1954, 217 F.2d 81. However, where the injury in question occurred while the serviceman was on furlough, Brooks v. United States, 1949, 337 U.S. 49, 69 S.Ct. 918, 93 L.Ed. 1200, or arose from negligent treatment given after discharge for a service-incurred injury, United States v. Brown, supra; Santana v. United States, 1 Cir., 1949, 175 F.2d 320; Bandy v. United States, D.C.D.Nev.1950, 92 F.Supp. 360, the Government has been held liable.

9. Shuttleworth v. Crown Can Co., 7 Cir., 1948, 165 F.2d 974; Moeller v. Weston Trucking & Forwarding Co., 1948, 136 N.J.L. 643, 57 A.2d 465; Schmidt v. Merchants Despatch Transp. Co., 1936, 270 N.Y. 287, 200 N.E. 824, 104 A.L.R. 450; Brazos v. Burmidge, 1st Dep't. 1958, 6 A.D.2d 494, 179 N.Y.S.2d 730.

10. 1936, 270 N.Y. 287, 300, 200 N.E. 824, 827, 104 A.L.R. 450.

other, no actionable wrong is committed if the danger is averted. It is only the *injury* to person or property arising from negligence which constitutes an invasion of a personal right, protected by law, and therefore, an actionable wrong."

The mere induction of plaintiff into the armed forces which followed from the alleged negligent physical examination and certification did not, in itself, cause his injury or the aggravation of his pre-existing injury. This came about only as a result of his activity following induction when he was subject to military orders—to use his own language—when he "was forced to adhere to a rigid and strict schedule which included * * * participation in twenty-mile hikes, obstacle courses and other strenuous activities. It was during this period that the injury alleged in the complaint occurred."

The original claimed negligent examination cannot be separated from the ultimate injury. Here the injury is inseparably intertwined with, and related to, plaintiff's active military service. Except for compliance with orders of his superiors while in service, the injuries would not have occurred.

■ The considerations which the Supreme Court concluded barred recovery under the facts of the Feres case are equally as compelling under the facts here presented.[11]

Plaintiff, however, makes the further contention that in any event the doctrine of Feres should not bar recovery here, since part of its supporting rationale was the existence of a uniform compensation system for service-incurred injuries; that no such relief is available to him since his discharge was due to a physical disability which existed prior to his entry into service.

It may readily be acknowledged that the existence of a compensatory system played a part in the Court's holding in Feres.[12] The Court's reasoning extended to a number of matters, but a fair analysis leaves no room to doubt that the dominant and overriding basis for the Court's conclusion of non-liability was the Government-soldier relationship.[13]

11. This disposition makes it unnecessary to determine what would be the result had every essential element constituting the cause of action occurred during the course of the pre-induction examination.

12. Feres v. United States, 1950, 340 U.S. 135, 140, 144, 71 S.Ct. 153, 95 L.Ed. 152. "The existence of a uniform compensation system for injuries to those belonging to the armed forces led us to conclude [in Feres] that Congress had not intended to depart from this system and allow recovery by a tort action dependent on state law." Dalehite v. United States, 1953, 346 U.S. 15, 31 note 25, 73 S.Ct. 956, 966, 97 L.Ed. 1427.

13. This view is emphasized, since a study of the cases indicates that the presence or absence of a compensation system is by no means controlling. Thus, where an extensive compensation system was provided, courts have denied recovery under both the Federal Tort Claims Act, e. g., United States v. Forfari, 9 Cir., 268 F.2d 29, certiorari denied, 1959, 361 U.S. 902, 80 S.Ct. 211, 4 L.Ed.2d 157; Aubrey v. United States, 1958, 103 U.S.App. D.C. 65, 254 F.2d 768; Lewis v. United States, 89 U.S.App.D.C. 21, 190 F.2d 22, certiorari denied, 1951, 342 U.S. 869, 72 S.Ct. 110, 96 L.Ed. 653, and the Public Vessels Act, 46 U.S.C.A. § 781 et seq. E. g., Johansen v. United States, 1952, 343 U.S. 427, 72 S.Ct. 849, 96 L.Ed. 1051; Bradey v. United States, 2 Cir., 1945, 151 F.2d 742, certiorari denied, 1946, 326 U.S. 795, 66 S.Ct. 484, 90 L. Ed. 483; Dobson v. United States, 2 Cir., 1928, 27 F.2d 807, certiorari denied, 1929, 278 U.S. 653, 49 S.Ct. 179, 73 L.Ed. 563, for injuries sustained by Government employees in the course of their employment. On the other hand, the existence of a compensation system has not barred an additional remedy under the Federal Tort Claims Act where a serviceman's injury did not occur in the course of duty. United States v. Brown, 1954, 348 U.S. 110, 75 S.Ct. 141, 99 L.Ed. 139; Brooks v. United States, 1949, 337 U.S. 49, 69 S.Ct. 918, 93 L.Ed. 1200. See Knecht v. United States, 3 Cir., 1957, 242 F.2d 929. Conversely, the absence of a compensatory system has not deterred the courts from denying coverage to persons under the Act where countervailing circumstances have made it extremely unlikely that Congress intended it to apply.

The Court noted that in its consideration of congressional purpose it was without the benefit of usual committee reports and floor debates. However, after evaluating various significant factors which supported and negatived inclusion of Government liability under the Act, the Court fashioned the rule in the Feres case essentially upon the relationship of the soldier to the military and in general to the exigencies of military discipline when men are in active service. The Court commented:

"We know of no American law which ever has permitted a soldier to recover for negligence, against either his superior officers or the Government he is serving." [14]

It concluded that the Act did not contemplate a change in this respect. The Court, in observing the absence of direct legislative guidance, suggested that its conclusion was not beyond challenge and if, in fact, it misinterpreted the Act, Congress had a ready remedy to correct the error. In the decade that has elapsed, the section of the Act here under consideration has remained without relevant amendment.

The underlying rationale of the Feres case was re-emphasized in the subsequent Brown case, wherein the Court, although distinguishing Feres, adhered to it and, in referring to it, stated:

"The peculiar and special relationship of the soldier to his superiors, the effects of the maintenance of such suits on discipline, and the extreme results that might obtain if suits under the Tort Claims Act were allowed for negligent orders given or negligent acts committed in the course of military duty, led the Court to read that Act as excluding claims of that character." [15]

To allow this claim to be encompassed within the Federal Tort Claims Act would, in large measure, devitalize the effect of the Feres holding which Congress thus far has not seen fit to overturn: it would open the floodgates of litigation to claims inextricably wound up with active military service incidents.[16]

The motion to dismiss is granted.

This disposition makes it unnecessary to consider the further ground urged by the Government for the dismissal of the complaint, to wit, that the conduct complained of involved a discretionary act and consequently came within the statutory exception.[17]

Lack v. United States, 8 Cir., 1958, 262 F.2d 167; Jones v. United States, 7 Cir., 1957, 249 F.2d 864 (federal prisoners).

14. Feres v. United States, 1950, 340 U.S. 135, 141, 71 S.Ct. 153, 157, 95 L.Ed. 152.

15. United States v. Brown, 1954, 348 U.S. 110, 112, 75 S.Ct. 141, 144, 99 L.Ed. 139. This rationale was again stressed by the Supreme Court in Indian Towing Co. v. United States, 1955, 350 U.S. 61, 69, 76 S.Ct. 122, 100 L.Ed. 48.

16. The Court in Feres also placed partial reliance on the fact that since the Federal Tort Claims Act renders the Government liable only where a private individual would be liable "under like circumstances," 28 U.S.C.A. § 2674, and since there was no liability of a private individual even remotely analogous to that which plaintiffs sought to impose upon the Government, it was not liable. Feres v. United States, 1950, 340 U.S. 135, 141–142, 71 S.Ct. 153, 95 L.Ed. 152. See

Dalehite v. United States, 1953, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427. But this ground requires no further discussion, it having been subsequently abandoned by the Court. Rayonier, Inc. v. United States, 1957, 352 U.S. 315, 319, 77 S.Ct. 374, 1 L.Ed.2d 354; Indian Towing Co. v. United States, 1955, 350 U.S. 61, 76 S.Ct. 122, 100 L.Ed. 48; United States v. Union Trust Co., 1955, 350 U.S. 907, 76 S.Ct. 192, 100 L.Ed. 799 (per curiam), affirming Eastern Air Lines v. Union Trust Co., 95 U.S.App. D.C. 189, 221 F.2d 62.

17. Plaintiff, while barred from recovery in the courts, is not without remedy. Congress has shown a disposition to legislate special relief for those having meritorious claims which do not fall within the scope of the Federal Tort Claims Act. E. g., 71 Stat. A87 (1957); 70 Stat. A124 (1956). See also Lack v. United States, 8 Cir., 1958, 262 F.2d 167, 171.