John P. HEALY, an Infant, by Loretta Healy, His Guardian Ad Litem, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 78, Docket 26915.

United States Court of Appeals Second Circuit.

Argued Nov. 14, 1961.

Decided Nov. 30, 1961.

Herbert L. Brickman, for plaintiff-appellant.

John C. Eldridge, Atty., Dept. of Justice, Washington, D. C. (William H. Orrick, Jr., Asst. Atty. Gen., Morton Hollander, Atty., Dept. of Justice, Washington, D. C., and Robert M. Morgenthau, U. S. Atty., S.D.N.Y., New York City, on the brief) for defendant-appellee.

Before SWAN, MOORE and SMITH, Circuit Judges.

PER CURIAM.

The complaint alleges that prior to induction into military service Healy was given a physical examination by a Government doctor who negligently certified him as physically qualified for service in the Air Force; that he was inducted in February 1959, ordered into basic training and such training aggravated a pre-existing heart condition and caused the injuries for which he seeks damages; that in April 1959 he was discharged from the Air Force because of physical disability which existed prior to entry into service.

The United States moved to dismiss the complaint on the ground that it fails to state a claim upon which relief can be granted. The motion was granted, the court holding that the Federal Tort Claims Act does not impose liability for injuries that arise out of or in the course of military duty.

The main dispute in the court below as well as here, is whether the case is controlled by Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152, or by Brooks v. United States, 337 U.S. 49, 69 S.Ct. 918, 93 L.Ed. 1200, and United States v. Brown, 348 U.S. 110, 75 S.Ct. 141, 99 L.Ed. 139. In a thorough and well reasoned opinion Judge Weinfeld concluded that the Feres case controls. We agree. His opinion is reported in 192 F.Supp. 325. Judgment is affirmed on the opinion below.