Victor R. Ortega, U. S. Atty., Ronald A. Ginsburg, Asst. U. S. Atty., Albuquerque, N. M., for defendant.

**George E. RIVERA–GRAU, William D. Roberts, and State Farm Mutual Automobile Insurance Company, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

Civ. No. 8494.

United States District Court, D. New Mexico.

March 4, 1971.

MEMORANDUM OPINION AND ORDER

MECHEM, District Judge.

This case involves a claim under the Federal Tort Claims Act. The following facts were stipulated.

1. The plaintiffs, George E. Rivera-Grau and William D. Roberts were, at the time of the accident and at all times relevant thereto, members of and serving on active duty in the United States Air Force, stationed at Kirtland Air Force Base, Albuquerque, New Mexico.

2. On the afternoon of June 13, 1969 the plaintiffs' vehicles were legally parked in a parking lot at Kirtland Air Force Base.

3. About 60 to 75 feet from the place where the plaintiffs' vehicles were parked was a stack of 9' x 12' x 3" cargo pallets weighing 310 pounds each.

4. At approximately 2:30 P.M. on the day in question during the course of a thunderstorm, a strong gusty wind lifted four of the cargo pallets from the place where they were stacked and carried them through the air to the point where the plaintiffs' vehicles were parked causing damage in the total amount of $522.-16.

The plaintiffs alleged that the damage which resulted was due to the Government's negligence in not tying down the pallets when high winds should have been expected.

The United States defended on two grounds. The first defense was in the form of a denial of negligence either on the theory that the wind which blew on the afternoon in question was an Act of God or because such an occurrence as resulted from the winds was unforeseeable. It is not necessary to decide on these issues since the Government's second defense is controlling.

The Government urged in its second defense, and it is well taken, that Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950) controls. The Supreme Court held in this case that persons in the military service of the United States cannot recover under the Tort Claims Act for injuries sustained as a result of negligence on the part of others in the Armed Forces. The Court, in reviewing the peculiar relationship existing between the Government and members of its Armed Forces said in effect that there was nothing in the context or legislative history of the Tort Claims Act which would indicate a Congressional intent to bring within the scope of the Act claims of members in the military service arising from or incident to their service.

The Tenth Circuit has not had occasion to deal with the *Feres* decision in a case involving a suit brought by military personnel but several of the other circuits have applied this case to fact situations similar to those involved in the case at hand.

Zoula v. United States, 217 F.2d 81 (1954), a Fifth Circuit case, dealt with the question of whether a serviceman could recover under the Federal Tort Claims Act when his car was allegedly negligently damaged by a government employee driving a military ambulance. The Court stated:

"As to the damage to plaintiff Sterling's automobile, it will be sufficient, without extending the opinion further, to say that in our opinion the Military Personnel Claims Act furnished the exclusive remedy and precludes resort here to the Federal Tort Claims Act."

The current version of the Military Personnel Claims Act is the Military Personnel and Civilian Employee's Claims Act of 1964, 31 U.S.C.A. § 240.

Similarly, the Ninth Circuit in Preferred Insurance Company v. United States, 222 F.2d 942 (1955) denied recovery under the Act where four mobile homes belonging to servicemen were damaged holding that a military serviceman in active duty status has no right of action against the Government under the Federal Tort Claims Act for property damage incident to his military service.

Finally, in United States v. United Services Automobile Association, 238 F. 2d 364 (1956), the Eighth Circuit denied relief to an insurer-subrogee under the Federal Tort Claims Act in a case very close on its facts to this case.

There the insured Naval officer, parked his auto in a parking lot furnished for, among others, Navy personnel. The auto was not in any way required or used for performance of his official duties. While the auto was in this lot it was damaged by a crashing airplane. The Court, in finding that the damage was "incident to military service" and therefore not actionable under the Federal Tort Claims Act stated that the officer "was permitted to have his car on the base and to park it on the

base parking lot, and it was on such a lot at the time the crashing plane hit it. It was because of his active service status that his car, like his clothes and other personal effects, was upon the base with him."

In light of these cases, it is the finding of the Court that plaintiffs are not entitled to recovery under the Federal Tort Claims Act and should pursue their remedies elsewhere.

Now, Therefore, it is ordered and adjudged that the cause of action brought by plaintiffs George E. Rivera-Grau, William D. Roberts and State Farm Mutual Automobile Insurance Company is dismissed on the merits and judgment is entered in favor of the United States.