**Jessie Mae REDMOND, Administrator of the Estate of Jesse B. Redmond, Deceased, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 71 C 22.**

United States District Court,
N. D. Illinois, E. D.

Sept. 14, 1971.

John D. Hayes, Chicago, Ill., for plaintiff.

Michael H. Berman, Asst. U. S. Atty., Chicago, Ill., for defendant. William J. Bauer, U. S. Atty., Chicago, Ill. of counsel.

## MEMORANDUM OPINION AND ORDER

NAPOLI, District Judge.

This is an action by the administrator of the estate of Jesse B. Redmond under the Federal Tort Claims Act. The United States has moved to dismiss, or alternatively, for summary judgment claim-ing the lack of jurisdiction and a failure to state a claim for relief.

The factual situation underlying this controversy is undisputed and relatively simple. As charged in the complaint, it appears that plaintiff's decedent was inducted into the United States Army. Prior to said induction, he underwent a physical examination conducted by the Army at its Chicago Examination and Induction Center. It is inferable that the Army found the decedent to be physically qualified and then formally inducted him. Thereafter, the complaint alleges that at Fort Leonard Wood and Fort Carson the decedent requested medical examination and treatment and that the Army rendered such medical examination and treatment. Subsequently, the decedent was discharged and then died. It appears that the cause of death was a brain tumor which plaintiff charges the defendant negligently failed to discover and diagnose as well as failing to provide adequate medical and diagnostic treatment and examination.

Title 28, section 1346(b) confers upon the district courts exclusive jurisdiction of civil actions against the United States for money damages for death caused by the negligent or wrongful act or omission of any employee of the Government acting within the scope of his office or employment, "if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." Title 28, section 2674 also subjects the United States to liability "in the same manner and to the same extent as a private individual under like circumstances. * * * " The only statutory exception which could be pertinent is contained in § 2680(j) for a claim arising out of the combatant activities of the military during time of war. Such exception is inapplicable, however, to the case at bar as the claim does not arise from combatant activities.

Other exceptions have been carved out of the Tort Claims Act by decisional law. The United States relies on the decision of the Supreme Court in the case

of Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), which announced an exception for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service. This doctrine has been subsequently followed by the courts, e. g., United States v. Brown, 348 U.S. 110, 75 S.Ct. 141, 99 L.Ed. 139 (1954) and Layne v. United States, 295 F.2d 433 (7th Cir. 1961). As this exception is now firmly established and plaintiff does not seriously question it, there is no need for this court to review the rationale of the *Feres* decision. The question facing this court is whether the doctrine controls the outcome of the present motion.

 Plaintiff seeks to distinguish *Feres* and its progeny on the basis that the decedent was not a member of the armed forces when he was examined by the Army at his pre-induction physical. *Feres* has been applied only to injuries or malpractice situations which arise out of or are incident to service in the armed forces. Therefore, if a person not a member of the armed forces would have been injured under like circumstances, or if the serviceman was acting on his own time, while under no orders or duty from his superiors, then the relationship between the serviceman and the United States is immaterial and the doctrine is inapplicable. Brooks v. United States, 337 U.S. 49, 69 S.Ct. 918, 93 L.Ed. 1200; *Feres, supra.* This is plaintiff's claim, now relying on the alleged failure of the Army to discover the brain tumor at the decedent's pre-induction examination.

In the case entitled Healy v. United States, 192 F.Supp. 325 (S.D.N.Y.1961), a similar claim was made by a serviceman who alleged a negligent failure of the Army to discover his pre-existing heart condition. He further contended that due to this failure he aggravated his condition during basic training. As that court recognized, the negligent conduct occurred prior to his becoming a member of the armed forces but the injury, a necessary element for any claim for relief, did not result until he was a member of the army. Thus, the *Healy* court applied the *Feres* doctrine since the claim for relief arose if at all when the plaintiff was a member of the armed forces.

 What is crucial in this case is the occurrence of the alleged negligent conduct. And since this conduct was performed by the Army, in the course of decedent's service *or in determining whether he was qualified to serve,* the conduct is inseparably intertwined, as the *Healy* court said, with the decedent's active military service. This being the case, *Feres* compels the dismissal of this action.

Accordingly, the motion of the United States is granted and the action is hereby ordered dismissed.