**William JOSEPH, Plaintiff-Appellant,**

**v.**

**UNITED STATES of America,**
**Defendant-Appellee.**

**No. 73–2034.**

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 1, 1974.

Decided Nov. 7, 1974.

Camillo F. Volini and John O. Tuohy, Chicago, Ill., for plaintiff-appellant.

James R. Thompson, U. S. Atty., Gary L. Starkman and Martin B. Lowery, Asst. U. S. Attys., Chicago, Ill., for defendant-appellee.

Before PELL, SPRECHER and LAY,* Circuit Judges.

LAY, Circuit Judge.

This appeal arises from the dismissal of a complaint brought under the Federal Tort Claims Act, 28 U.S.C. § 2674. The district court dismissed the claim as being "service-connected" and therefore not actionable. We affirm.

Plaintiff William Joseph alleged that on May 7, 1970, he was given a pre-induction physical examination at the U. S. Army Induction Center in Chicago. The government physician found him physically fit to be inducted into the Army. Joseph alleges that he in fact had a pre-existing infirmity—bilateral pes planus or flat feet—which should have rendered him unqualified to perform military service. On July 8, 1970, he was inducted into the Army. During basic training his condition became aggravated and on January 12, 1971, he was discharged on the gound that he "did not meet medical fitness standards at time of induction," based on Section III, Chapter 5 of Army Regulations, 635–200. On February 14, 1971, he was admitted to the hospital where he underwent a fusion of the bones of his ankle to prevent flexion. Plaintiff originally sought disability compensation from the Veterans Administration, but this was denied on the grounds that his injury was *not* incurred or aggravated while in the service. He thereafter filed an administrative claim with the Department of the Army requesting compensation under the Federal Tort Claims Act. This claim was denied because of his allegation that his injuries *were* caused or aggravated as an incident to his service. Plaintiff urges on appeal (1) that the malpractice alleged occurred at a time when he was still a civilian, and (2) that it was a denial of due process for the government to deny his claim on the inconsistent grounds asserted by the Veterans Administration and the Department of the Army. We respectfully reject both grounds of appeal.

Plaintiff urges that the negligent act of the government occurred at a time when he was not a member of the Armed Forces, and that under general principles of tort law a tortfeasor should be liable for all subsequent harm which proximately flows from the negligent act. As a general proposition this court has no dispute with this argument. Tortious conduct occurring during the physical examination, although closely connected to an inductee's prospective service, might still subject the government to liability.[1] The basic difficulty with plaintiff's reasoning is that his claim is not barred under the Federal Tort Claims Act on causation principles under general tort law. The claim is barred by the judicial exemption applied to the Federal Tort Claims Act under the decision of Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950). In *Feres*, the Supreme Court held:

"[T]he Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the *injuries* arise out of or are in the course of activity incident to service." 340

---

* Judge Donald P. Lay of the Eighth Circuit is sitting by designation.

1. The district court alternatively relied on the language in Redmond v. United States, 331 F.Supp. 1222 (N.D.Ill.1971), which observed:

"And since this conduct was performed by the Army, in the course of decedent's service or in determining w..ether he was qualified to serve, the conduct is inseparably intertwined, as the *Healy* court said, with the decedent's active military service.

This being the case, *Feres* compels the dismissal of this action." 331 F.Supp. at 1224.

We need not endorse this broad an interpretation of the *Healy* case. Healy v. United States, 192 F.Supp. 325 (S.D.N.Y.), aff'd, 295 F.2d 958 (2d Cir. 1961). If the inductee received an x-ray burn or was in some other way negligently injured at the time of his physical examination, the language of *Redmond* would conceivably bar a claim under the Federal Tort Claims Act. This result would be highly questionable.

U.S. at 146, 71 S.Ct. at 159. (emphasis added).

This is true regardless of when the conduct which may place responsibility for that injury occurred.

As the court observed in Healy v. United States, 192 F.Supp. 325 (S.D.N.Y.), aff'd, 295 F.2d 958 (2d Cir. 1961):

"The mere induction of plaintiff into the armed forces which followed from the alleged negligent physical examination and certification did not, in itself, cause his injury or the aggravation of his pre-existing injury. This came about only as a result of his activity following induction when he was subject to military orders . . .." 192 F.Supp. at 328.

■ The claim is thus defeated by reason of the *Feres* doctrine since the injury received is connected with military service.

■ Plaintiff urges that he was denied equal application of federal law in that the ruling that his injury was service-connected is inconsistent with the denial of relief by the Veterans Administration. He asserts that 38 U.S.C. § 211[2] bars the district court from disregarding the Veterans Administration's finding that the injury was *not* service-connected. The nonreviewability of Veterans Administration decisions under § 211 has no relationship to a federal court's interpretation of the Federal Tort Claims Act. The two proceedings are completely independent of one another. Nor can it be successfully urged that the Veterans Administration's administrative finding constitutes *res judicata* as to whether the injury is service-connected. *Cf.* United States v. Smith,

482 F.2d 1120 (8th Cir. 1973). In the instant proceeding, the complaint alleged that the aggravation of plaintiff's pre-existing condition took place while in military service. This was a pleaded fact, not a finding of fact by the court. If, as Joseph pleads, the injury is connected to his military service, it is barred by the *Feres* doctrine as a matter of law. However, if his injury could be *proven* to have been aggravated by his military service, then the Veterans Administration might reconsider.[3] This, of course, turns on factual proof, not on mere allegation.

Judgment affirmed.

---

2. Tit. 38 U.S.C. § 211 provides:

"(a) . . . [T]he decisions of the Administrator on any question of law or fact under any law administered by the Veterans' Administration providing benefits for veterans and their dependents or survivors shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision by an action in the nature of mandamus or otherwise. . . ."

3. Plaintiff's counsel announced at oral argument that he has sought a rehearing before the Veterans Administration. If, of course, plaintiff's proof before the VA merely shows a preexisting infirmity, without aggravation, his Veterans Administration claim could fail as not demonstrating a service-connected injury.