**Francis W. SOUTHARD, Administrator of the Estate of Charles Michael O'Neill, Deceased**

**v.**

**The UNITED STATES of America and Captain Shellan, a/k/a Captain Shellaw, a/k/a Captain Shellau.**

**Civ. A. No. 73-2788.**

United States District Court,
E. D. Pennsylvania.

June 2, 1975.

**410**

---

Daniel E. Farmer, MacCoy, Evans & Lewis, Dameron S. Lough, Philadelphia, Pa., for plaintiff.

James P. Klapps, Torts Section, U. S. Dept. of Justice, Washington, D. C., C. Oliver Burt, III, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

VANARTSDALEN, District Judge.

Cross-motions for summary judgment have been filed. The relevant facts are not in dispute, and the matter is appropriate for disposition on the cross-motions. The government's motion will be granted and plaintiff's denied.

The sole issue in this case is whether the doctrine of *Feres v. United States,* 340 U.S. 135, 146, 71 S.Ct. 153, 95 L.Ed.

152 (1950), precludes plaintiff's claim of medical malpractice by Army doctors under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671 *et seq.* *Feres* held that the government would not be liable under the Federal Tort Claims Act for injuries to servicemen if the injuries arose in the course of military duty. The medical examination of Michael O'Neill, conducted prior to induction, found him qualified for service. Eleven months after induction, at Mr. O'Neill's request, a re-examination disclosed defective vision of the left eye of such a nature as to be disqualifying for service if ascertained prior to induction. Mr. O'Neill was discharged pursuant to AR 635–200, ¶ 5–9.1 which provided that:

> Individuals inducted in the Army who, at the time, did not meet the medical fitness standards for induction will be released from custody and control of the Army by virtue of a void induction.[1]

Plaintiff takes the position that since the Army chose to use the words "void induction", Mr. O'Neill's Army service should likewise be deemed void and illegal for all purposes, even though Mr. O'Neill served in West Germany, where one of the claimed acts of malpractice occurred, received pay as a soldier, applied for and received veterans' benefits, and his widow applied for and received death benefits.[2]

The basis of plaintiff's claim is medical malpractice by Army doctors who treated Mr. O'Neill and performed two surgical operations upon him while he was on active duty. The complaint also alleges failure to inform Mr. O'Neill of his condition. Death occurred as a result of cancer. The claimed malpractice, and the cancer causing death is in no

1. The government's answers to interrogatories attached a copy of AR 635–200, ¶ 5–9.1 adopted December 5, 1972, that was clearly inapplicable. At the trial judge's direction, a copy of the regulations in effect on February 1, 1969 (the date of Mr. O'Neill's discharge) were supplied and have been made a part of the record.

2. Although AR 635–200 uses the term void, in fact the regulations permit a soldier to be retained in the service with his consent if he then meets minimum standards, in which event "no further cognizance of, or action with respect to the erroneous induction will be taken." AR 635–200, ¶ 5–9.1(e)(1).

way related to Mr. O'Neill's eyesight deficiency.

The *Feres* doctrine is fully applicable to the present factual situation. *Feres* has been applied in several cases where negligence was alleged for failing to determine a physically disqualifying condition at a pre-induction medical examination, followed by a post-induction aggravation of such condition by reason of military service.

*Joseph v. United States*, 505 F.2d 525 (7th Cir. 1974), involved alleged negligence in discovering disqualifying flat feet, with a post-induction aggravation. The soldier was, as in the present case, discharged pursuant to AR 635–200, ¶ 5–9.1. The complaint was dismissed because the injuries for which damages were sought occurred while the plaintiff was in the service. A similar result was reached in *Healy v. United States*, 192 F.Supp. 325 (S.D.N.Y.), *aff'd* 295 F.2d 958 (2d Cir. 1961), involving aggravation of a pre-existing medically disqualifying heart condition. In *Redmond v. United States*, 331 F.Supp. 1222 (N.D. Ill., 1971), the plaintiff raised a contention that a fatal brain tumor was not determined prior to induction. The court dismissed the action, holding that negligence in the pre-induction medical was inseparably intertwined with active military service. The Seventh Circuit in *Joseph v. United States*, *supra* at 526, fn. 1, seriously questioned this rationale, but not the result. However, the *Redmond* rationale was followed in *Kilduff v. United States*, 248 F.Supp. 310 (E.D. Va.1961), wherein the physical examinations both prior to and shortly after service were held to be a step in his [the soldier's] entry and exit, but nevertheless an event of his service."

Moreover, applying *United States v. Brown*, 348 U.S. 110, 75 S.Ct. 141, 99 L. Ed. 139 (1954), wherein the Court further defined the distinction drawn in *Feres* to cases where the injuries arose out of or in the course of military duty to the present case, the alleged malpractice and failure to disclose or advise plaintiff of the spreading cancer occurred while on active duty and arose out of such military duty. *See, also, Glorioso v. United States*, 331 F.Supp. 1, 2, fn. 3 (N.D.Miss.1971), and cases cited therein.

It is unnecessary to decide whether a proper claim was presented administratively within the statutory period; and whether the "foreign country" exception of the Federal Torts Claim Act is applicable to the surgery performed in West Germany, both of which are additional grounds asserted by defendants in substantiation of the motion for summary judgment.