590 F.2d 1303
 Anthony J. YOLKEN, infant, by his mother and next of friend,
Linda K. Ripplinger, and Irving Bowers, in his capacity as
Successor Personal Representative of the Estate of Richard
T. Yolken, Deceased, Appellants,
v.
UNITED STATES of America, Appellee.
 No. 77-2401.
 United States Court of Appeals,
Fourth Circuit.
 Argued Nov. 15, 1978.
Decided Jan. 25, 1979.
 
 Arthur Guy Kaplan, Baltimore, Md. (Sidney Kaplan, Kaplan & Kaplan, P.A., Baltimore, Md., on brief), for appellants.
 Glen L. Cook, Asst. U. S. Atty., Baltimore, Md. (Russell T. Baker, Jr., U. S. Atty., and Daniel M. Clements, Asst. U. S. Atty., Baltimore, Md., on brief), for appellee.
 Before HAYNSWORTH, Chief Judge, and BUTZNER and HALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 The appellants seek reversal of a summary judgment order entered in an action brought under the Federal Tort Claims Act growing out of the suicide of a mentally ill serviceman. The appellants allege negligence in the supervision of the decedent and in the decision to induct him into the Air Force. Recovery on the supervision claim is barred by Feres v. United States,340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), and like cases precluding recovery for malpractice in treating the infirmities of military personnel. The negligent induction claim is also barred by Feres and its progeny. See Joseph v. United States, 505 F.2d 525 (7th Cir. 1974); Healy v. United States, 192 F.Supp. 325 (S.D.N.Y.1961). Moreover, even were we to assume that a negligent induction is not within the Feres rule, we fail to perceive any causal relation between the alleged negligence and the injury, since the appellants concede that the serviceman's military experience did not cause or exacerbate his mental illness.
 
 
 2
 AFFIRMED.