Mikey Glen THOMPSON, an
Individual, Plaintiff,

v.

The UNITED STATES of America ex
rel., The Honorable Harold BROWN,
Secretary of Defense, Defendants.

No. CIV-78-01344-D.

United States District Court,
W. D. Oklahoma.

Jan. 23, 1980.

Donald E. VanMeter, Lawton, Okl.,
Charles J. Watts, Oklahoma City, Okl., for
plaintiff.

Larry D. Patton, U.S. Atty. by S. Paul
Richards, Asst. U.S. Atty., Oklahoma City,
Okl., for defendants.

## ORDER

DAUGHERTY, Chief Judge.

Plaintiff brings this action against the
United States seeking to recover money
damages under the Federal Tort Claims
Act, 28 U.S.C. § 1346(b).[1]  Pursuant to Rule

---

1. § 1346. *United States as defendant.*—(a) The
district courts shall have original jurisdiction,
concurrent with the Court of Claims, of:

. . . . .

(b) Subject to the provisions of chapter 171
of this title [§§ 2671–2680 of this title], the
district courts, together with the United
States District Court for the District of the
Canal Zone, and the District Court of the
Virgin Islands, shall have exclusive jurisdic-

tion of civil actions or claims against the
United States, for money damages, accruing
on or after January 1, 1945, for injury or loss
of property, or personal injury or death
caused by the negligent or wrongful act or
omission of any employee of the Government
while acting within the scope of his office or
employment, under circumstances where the
United States, if a private person, would be
liable to the claimant in accordance with the

12(b)(6), Federal Rules of Civil Procedure, the United States has filed herein a Motion to Dismiss Plaintiff's Complaint on the basis that it fails to state a claim upon which relief may be granted. Plaintiff has filed a brief opposing the United States' Motion to Dismiss. Oral arguments have been held on the Motion.

Plaintiff's Complaint sets forth two causes of action. In the first, Plaintiff alleges that prior to his enlistment in the Navy, he specifically informed the examining physician during his preinduction medical examination about previous injuries to his right knee and the presence of internal fixation hardware, including two screws in the knee, but that he was nevertheless passed for enlistment. Plaintiff states that at the Navy's request he then resigned from his previous position as a police officer in Lawton, Oklahoma and enlisted for active duty in the Navy. He alleges that after he began training while on active duty, government medical personnel again inquired as to the presence of internal hardware in his body as a result of injury. Plaintiff states that when he made an affirmative response to such inquiry, his enlistment was deemed to be a fraudulent enlistment and he was discharged from the Navy because of physical disqualification for service. He maintains that as a result of the fraudulent or grossly incompetent actions of the Navy recruiter or other agents of the Navy, he was induced and falsely led to believe that he was physically qualified and capable of serving in the Navy; that he thus voluntarily relinquished his tenured, career job as a law enforcement officer; and that when he applied for reinstatement at his former place of employment following his discharge from the Navy, his application was denied as all jobs were filled. For his first cause of action, Plaintiff seeks as relief damages in the amount of $35,000 for his economic loss as a result of his unemployment, underemployment, and costs of establishing a new career.

In his second cause of action, Plaintiff alleges that while he was being processed for discharge from the Navy at the Great Lakes Naval Training Center, he was confined to a detention facility under lock and key, stripped of all clothing except "skivies" and undershirt, and locked up in a cell. He alleges that he was treated as a common criminal, though not charged with any violations; that no investigation was performed; that he was not advised of any rights; and that no hearing was held for purposes of determining the necessity of any confinement. He contends that he was thus wrongfully imprisoned and punished without cause and in violation of his constitutional and statutory rights. For this cause of action, Plaintiff seeks damages of $35,000 for his humiliation, shame, disgrace, and physical suffering.

In its Motion to Dismiss, the United States contends that Plaintiff's allegations do not as a matter of law raise any claim upon which relief may be granted under the Federal Tort Claims Act under the doctrine announced in *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950). The United States asserts that Plaintiff's claim in his first cause of action for medical negligence concerning his enlistment is clearly within the purview of *Feres v. United States* and that Plaintiff's claim in his second cause of action for false imprisonment is barred both by the *Feres* doctrine and by the specific statutory authority of 28 U.S.C. § 2680(h).[2]

law of the place where the act or omission occurred.

**2.** § 2680(h) provides:
*Exceptions*
The provisions of this chapter and section 1346(b) of this title shall not apply to—

.    .    .    .    .

(h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights: *Provided,* That, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising, on or after the date of the enactment of this proviso, out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution. For the purpose of this subsection,

In his brief opposing the United States' Motion to Dismiss, Plaintiff submits that he has clearly stated a cause of action under the Federal Tort Claims Act within the jurisdiction of this Court, and that his Complaint should not be dismissed. He contends that his first cause of action is not barred by the *Feres* doctrine as

> Plaintiff's first cause of action makes no complaint for what happened in the course of his military service, but plaintiff complains that the government certified him fit for military duty, entered into a contract on which he relied and for which plaintiff suffered detriment, and later negligently discharged him for having fraudulently enlisted. Plaintiff's induction was what caused the loss of his job and injuries complained of.
>
> .    .    .    .    .
>
> Plaintiff is not claiming physical injury or even a worsening of his condition while he was on active duty, but he is claiming his job loss as a result of the government's improper evaluation prior to his induction.

Plaintiff argues that his claim in his second cause of action is not exempted from the Federal Tort Claims Act pursuant to 28 U.S.C. § 2680(h) as the 1974 amendment to § 2680(h) provides that the Federal Tort Claims Act does apply "with regard to acts or omissions of investigative or law enforcement officers of the United States Government." Plaintiff asserts that Title 10 of the United States Code establishes that commissioned officers in the military services meet the definition of investigative or law enforcement officers. Plaintiff's brief does not address the applicability of the *Feres* doctrine to his second cause of action.

The Court initially notes that in considering the United States' Rule 12(b)(6) motion to dismiss for failure to state a claim, the allegations of the Plaintiff's Complaint must be taken at face value and construed most favorably to the Plaintiff. A motion to dismiss must not be granted "unless it

appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hospital Building Co. v. Trustees of Rex Hospital,* 425 U.S. 738, 746, 96 S.Ct. 1848, 1853, 48 L.Ed.2d 338 (1976); *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Lessman v. McCormick,* 591 F.2d 605, 607–08 (Tenth Cir.1979).

█ In establishing a judicial exemption to the Federal Tort Claims Act, the Supreme Court in *Feres v. United States* held that "the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." 340 U.S. at 146, 71 S.Ct. at 159. *See generally,* Annot., Serviceman's Right to Recover under Federal Tort Claims Act (28 U.S.C.S. §§ 2671 et seq.), 31 A.L.R.Fed. 146 (1977). Whether a serviceman's injury arises out of activity "incident to service" depends on whether it stems from an official military relationship between the negligent person and the serviceman; in other words, it depends on the claimant's "status" at the time of the alleged injury. *Harten v. Coons,* 502 F.2d 1363, 1365 (Tenth Cir.1974), *cert. denied,* 420 U.S. 963, 95 S.Ct. 1354, 43 L.Ed.2d 441 (1975).

As to Plaintiff's first cause of action there is authority that the *Feres* doctrine applies to an action alleging negligent or void induction. *See Yolken v. United States,* 590 F.2d 1303 (Fourth Cir.1979); *Southard v. United States,* 397 F.Supp. 409 (E.D.Pa.1975), *aff'd mem.,* 535 F.2d 1247 (Third Cir.1976); *Redmond v. United States,* 331 F.Supp. 1222 (N.D.Ill.1971); *Kilduff v. United States,* 248 F.Supp. 310 (E.D. Va.1960). Furthermore, the *Feres* doctrine has been applied in several cases where the purported negligence by government physicians in the course of preinduction physical examinations is the basis of an action

---

"investigative or law enforcement officer" means any officer of the United States who is empowered by law to execute searches, to

seize evidence, or to make arrests for violations of Federal law.

against the United States under the Federal Tort Claims Act. *See* Annot., *supra,* 31 A.L.R.Fed. at § 23[a]. *See also, Southard v. United States, supra; Redmond v. United States, supra; Kilduff v. United States, supra.* Other preinduction cases have come within the *Feres* doctrine because the injury complained of occurred during military service although the negligence relied on occurred during the preinduction physical examination. *See, e. g., Joseph v. United States,* 505 F.2d 525 (Seventh Cir.1974) (aggravation of pre-existing flat feet condition); *Glorioso v. United States,* 331 F.Supp. 1 (N.D.Miss.1971) (aggravation of pre-existing head injury); *Healy v. United States,* 192 F.Supp. 325 (S.D.N.Y.1961), *aff'd,* 295 F.2d 958 (Second Cir.1961) (aggravation of pre-existing heart condition).

█ The question presently before this Court is whether the preinduction examination of Plaintiff was itself an activity "incident to service" so as to come within the parameters of *Feres.* Plaintiff unquestionably served under the supervision and authority of the United States Navy whether his enlistment was fraudulent or otherwise. Therefore, if the preinducton physical examination is "incident to service" then *Feres* bars the instant action. As noted above, the question of whether an injury arises from an activity incident to service depends on whether the injury stems from an official military relationship between the negligent person and the claimant. *Harten v. Coons, supra,* 502 F.2d at 1365. Preinduction physical examinations are only a step in a serviceman's entry into the service, but nevertheless an event of his service. *Kilduff v. United States, supra,* 248 F.Supp. at 312. Such examinations are required of every individual prior to entrance into the service and were it not for Plaintiff's enlistment in the Navy, said examination would not have occurred. In this connection, the Court in *Redmond v. United States, supra,* 331 F.Supp. at 1224, stated as follows:[3]

What is crucial in this case is the occurrence of the alleged negligent conduct. And since this conduct was performed by the Army, in the course of decedent's service or in determining whether he was qualified to serve, the conduct is inseparably intertwined, as the *Healy* court said, with the decedent's active military service. This being the case, *Feres* compels the dismissal of this action.

The preinduction physical examination of Plaintiff in this case was "incident to service" by Plaintiff in the Navy as the same was necessary for his induction into the Navy. Furthermore, the injury claimed, loss of Plaintiff's job with the Lawton police force, did not result from the physical examination. Rather, it resulted from his induction into the Navy and service therein, during which time all openings on the Lawton police force were filled. Therefore, the Court determines that Plaintiff's first cause of action arose from an alleged injury which was a product of a military relationship and was incident to military service. The Court thus finds that it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim in his first cause of action which would entitle him to relief from the United States under the Federal Tort Claims Act. Accordingly, the *Feres* doctrine controls and there can be no recovery on Plaintiff's first cause of action under the Federal Tort Claims Act.

█ An examination of Plaintiff's second cause of action for false arrest and imprisonment reveals that the same is barred by the judicial exemption of the *Feres* doctrine. At the hearing on Defendant's Motion to Dismiss, Plaintiff contended that the second cause of action is not barred by the *Feres* doctrine. In support of this position Plaintiff asserts that as he was fraudulently inducted into the Navy his enlistment was void and he was never a member of the service. Therefore, Plaintiff claims *Feres*

---

**3.** The *Redmond* case is criticized in *Joseph v. United States, supra,* 505 F.2d at 526 n. 1. The Seventh Circuit indicated in *Joseph* by way of dicta that recovery may be allowed for a physical injury negligently inflicted during the preinduction physical examination. In the instant action, however, there was no physical injury inflicted on Plaintiff during the physical examination.

does not bar his claim for relief. However, as noted above the *Feres* doctrine has been applied to cases alleging fraudulent or void enlistments. *See Yolken v. United States, supra; Southard v. United States, supra; Redmond v. United States, supra; Kilduff v. United States, supra.* As Plaintiff was subject to military supervision and authority at the time of his alleged false arrest and imprisonment, whatever injuries he may have sustained as a result of such wrongful acts arose out of, or in the course of, military duty. Under *Feres v. United States*, the United States is not liable under the Federal Tort Claims Act for such alleged injuries. The Court thus finds that it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim in his second cause of action which would entitle him to relief from the United States under the Federal Tort Claims Act. The Court therefore need not determine the applicability of § 2680(h) to Plaintiff's second cause of action.

In view of the foregoing, the Court finds and concludes that the Defendant United States' Motion to Dismiss should be granted. Accordingly, Plaintiff's action is hereby dismissed for failure to state a claim upon which relief can be granted under the Federal Tort Claims Act.

It is so ordered.