**Richard L. HAWE, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 80–1499.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 8, 1981.

Decided Feb. 3, 1982.

Jonathan S. Damon, William J. Waddell, Dilley, Dewey & Waddell, Grand Rapids, Mich., for plaintiff-appellant.

James S. Brady, U. S. Atty., Grand Rapids, Mich., J. Thomas Holloman, Carlene McIntyre, Dept. of the Army, Washington, D. C., Robert S. Greenspan, Russell L. Caplan, Dept. of Justice, Civ. Div., Washington, D. C., for defendant-appellee.

Before LIVELY, ENGEL and JONES, Circuit Judges.

---

PER CURIAM.

Richard L. Hawe filed suit in the district court seeking damages under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., for alleged malpractice by an army physician. Hawe was being treated for injuries sustained while he was a sergeant in the United States Army giving a parachute demonstration in the course of his duties at Fort Bragg, North Carolina. In an opinion delivered from the bench, United States District Judge Richard A. Enslen held that the case was controlled by Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), in which the United States Supreme Court held that a cause of action under the Federal Tort Claims Act was not available to members of the armed services for whom Congress had provided other exclusive remedies.

Hawe acknowledges that Feres, as historically applied, would bar his cause of action. He claims, however, that a 1976 amendment to the Federal Tort Claims Act, codified at 10 U.S.C. § 1089,[1] while ostensibly granting immunity from malpractice suits to physicians and other supporting medical personnel of the armed forces in the performance of medical and related health care functions, additionally overrules the Feres doctrine in the area of medical malpractice.

Upon consideration, we agree with Judge Enslen that section 1089 cannot be so construed. In providing personal immunity to military physicians, Congress has evinced no intention whatever to extend the Federal Tort Claims Act to claims for malpractice made by persons such as plaintiff who were injured and treated while in the military service. Instead, Congress has continued to provide remedies for injured servicemen through alternative statutory protections, including the Veterans' Benefits Act. Neither the language of the statute nor the legislative history indicates that Congress intended to change the judicial exception to the Tort Claims Act set forth thirty years ago in Feres. Therefore, plaintiff's complaint was properly dismissed by the district court.

AFFIRMED.

---

1. The relevant portion of the amendment is found at 10 U.S.C. § 1089(a) and states:

    The remedy against the United States provided by sections 1346(b) and 2672 of title 28 for damages for personal injury, including death, cause by the negligent or wrongful act or omission of any physician, dentist, nurse, pharmacist, or paramedical or other supporting personnel (including medical and dental technicians, nursing assistants, and therapists) of the armed forces, the Department of Defense, or the Central Intelligence Agency in the performance of medical, dental, or related health care functions (including clinical studies and investigations) while acting within the scope of his duties or employment therein or therefore shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against such physician, dentist, nurse, pharmacist, or paramedical or other supporting personnel (or the estate of such person) whose act or omission gave rise to such action or proceeding.