856 F.2d 194
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Danny Lee HENSLEY, Plaintiff-Appellant,
v.
UNITED STATES ARMY, Sgt. Kelly, Capt. Graves, and Major
Forret, Defendants- Appellees.
 No. 87-6291.
 United States Court of Appeals, Sixth Circuit.
 Aug. 15, 1988.
 
 Before KEITH, KENNEDY and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 This pro se plaintiff appeals the district court's judgment dismissing his complaint filed pursuant to the Federal Tort Claims Act, 28 U.S.C. Sec. 1346(b).
 
 
 3
 While enlisted in the Army, plaintiff injured his knee while participating in a football game between two military units. The defendant drill sergeant who was plaintiff's commanding officer organized the game as part of the unit's basic training program. Plaintiff sued the sergeant alleging that the sergeant's negligent supervision of the game caused his injury. Plaintiff also sued the two military physicians who performed surgery on his knee alleging medical malpractice. The district court substituted the United States for the defendant physicians pursuant to 10 U.S.C. Sec. 1089(a), and granted summary judgment for the defendants.
 
 
 4
 Upon review, we affirm the district court's judgment. This case is controlled by the Feres doctrine. See Feres v. United States, 340 U.S. 135 (1950). In Feres, the Supreme Court concluded that the Federal Tort Claims Act barred suit by a service member for claims arising out of an activity incident to services. Feres, 340 U.S. at 146.
 
 
 5
 In this case, plaintiff was injured on a military base at a time when he was an active duty serviceman. The game was organized by plaintiff's commanding officer as part of the unit's basic training program. The evidence also indicates that plaintiff was required to participate in the football game. Further, plaintiff's injury was treated at a military hospital by Army medical personnel. In essence, plaintiff asks this court to determine the appropriateness of the sergeant's decision to include football as part of his basic training program. This we decline to do. Therefore, we conclude that plaintiff's suit was barred by the Feres doctrine because a ruling in this matter would impermissibly implicate the civil judiciary into the military decision making process. See United States v. Shearer, 473 U.S. 52, 57 (1987); Major v. United States, 835 F.2d 641, 644 (6th Cir.1987), petition for cert. filed, March 14, 1988; Hawe v. United States, 670 F.2d 652 (6th Cir.1982) (per curiam).
 
 
 6
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.