**Michael T. SIDLEY, Plaintiff–Appellant,**

v.

**UNITED STATES of America, DEPARTMENT OF NAVY, Defendant–Appellee.**

No. 87–4162.

United States Court of Appeals, Sixth Circuit.

Submitted Oct. 6, 1988.
Decided Nov. 22, 1988.

C.D. Lambros, C.D. Lambros Co., LPA, Cleveland, Ohio, for plaintiff-appellant.

Michael Ann Johnson, Asst. U.S. Atty., Cleveland, Ohio, for defendant-appellee.

Before KEITH, GUY and NORRIS, Circuit Judges.

PER CURIAM.

A Navy serviceman, Michael T. Sidley, sustained multiple traumatic injuries in a motorcycle accident occurring off the base where he was stationed and while he was off duty. Navy doctors at the Navy hospital where Sidley was stationed and on active duty treated his injuries. Subsequently, Sidley filed a complaint pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and § 2671, *et seq.*, against the United States alleging that the Navy doctors negligently treated his fractured leg. The United States filed a motion for judgment upon the pleadings or, in the alternative, summary judgment,[1] reasoning that the district court lacked subject matter jurisdiction since the United States was immune from suit under the doctrine of *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950). Upon consent of the parties, the district court referred the case to a magistrate to conduct all further proceedings and to enter judgment in accordance with 28 U.S.C. § 636(c). The magistrate granted the government's motion dismissing the suit for lack of subject matter jurisdiction. Upon review, we find that the magistrate properly granted the United States' dismissal motion.

## I.

The Federal Tort Claims Act (FTCA) allows civil actions against the United States

[f]or injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where

the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b). The FTCA provides remedies for wrongful government action in those cases where the statutory waiver of sovereign immunity applies. An exception to the liability imposed by the FTCA has been created by judicial decision, however. The Supreme Court concluded that the government is not liable for injuries that arise out of or are in the course of activity "incident to [military] service." *Feres,* 340 U.S. at 146, 71 S.Ct. at 159. The "*Feres* doctrine" has been consistently applied by the Court. *See United States v. Johnson,* 481 U.S. 681, 107 S.Ct. 2063, 95 L.Ed.2d 648 (1987); *Stencel Aero Engineering Corp. v. United States,* 431 U.S. 666, 97 S.Ct. 2054, 52 L.Ed.2d 665 (1977); *United States v. Brown,* 348 U.S. 110, 75 S.Ct. 141, 99 L.Ed. 139 (1954); *Brooks v. United States,* 337 U.S. 49, 69 S.Ct. 918, 93 L.Ed. 1200 (1949). The Supreme Court has delineated three broad rationales underlying the *Feres* doctrine:

First, "[t]he relationship between the Government and members of its armed forces is 'distinctively federal in character.'" ... Where a service member is injured incident to service—that is, because of his military relationship with the Government—it "makes no sense to permit the fortuity of the situs of the alleged negligence to affect the liability of the Government to [the] serviceman." ...

Second, the existence of these generous statutory disability and death benefits is an independent reason why the *Feres* doctrine bars suit for service-related injuries.... Those injured during the course of activity instant to service not only receive benefits that "compare extremely favorably with those provided by most workmen's compensation statutes," but the recovery of benefits is "swift

---

1. Noting that the United States erroneously styled their motion under Fed.R.Civ.P. 12(c) or, alternatively, Rule 56(c), the magistrate treated the government's motion as a Rule 12(h)(3) dismissal motion for lack of subject matter jurisdiction. (Magistrate's Memorandum and Opinion, p. 1, n. 1).

[and] efficient," ... [I]t [is] difficult to believe that Congress would have provided such a comprehensive system of benefits while at the same time contemplating recovery for service-related injuries under the FTCA....

Third, *Feres* and its progeny indicate that suits brought by service members against the Government for injuries incurred incident to service are barred by the *Feres* doctrine because they are the "*type[s]* of claims that, if generally permitted, would involve the judiciary in sensitive military affairs at the expense of military discipline and effectiveness." ... Even if military negligence is not specifically alleged in a tort action, a suit based upon service-related activity necessarily implicates the military judgments and decisions that are inextricably intertwined with the conduct of the military mission....

*United States v. Johnson*, 481 U.S. at ——, 107 S.Ct. at 2068–69 (citations and footnotes omitted) (emphasis in original).

■ Sidley argues that the *Feres* doctrine should not bar his cause of action since he was injured in a motorcycle accident when he was off duty and while he was off base. We note that Sidley's injuries, for which he is seeking damages under the FTCA, were the result of the Navy doctors' alleged failure to properly treat his fractured tibia and fibula of the left leg while he was being cared for at the Navy hospital on the base where he was stationed. As regards the *Feres* doctrine, the term "incident to military service" is not a narrow term restricted to military training, field maneuvers, or combat situations. Rather, the *Feres* doctrine extends beyond situations where the soldier is acting pursuant to orders or while subject to direct military command or discipline. While generally an off-duty serviceman not on the military base and not engaged in military activity at the time of injury can recover under the FTCA, *United States v. Shearer*, 473 U.S. 52, 54, 105 S.Ct. 3039, 3041, 87 L.Ed.2d 38 (1985), courts consistently have applied the *Feres* doctrine in barring servicemen's suits under the FTCA for alleged negligent medical treatment at a military hospital or medical facility.[2] *Jones v. United States*, 729 F.2d 326 (5th Cir.1984); *Veillette v. United States*, 615 F.2d 505 (9th Cir.1980); *Vallance v. United States*, 574 F.2d 1282 (5th Cir.), *cert. denied*, 439 U.S. 965, 99 S.Ct. 453, 58 L.Ed.2d 423 (1978); *Peluso v. United States*, 474 F.2d 605 (3rd Cir.), *cert. denied*, 414 U.S. 879, 94 S.Ct. 50, 38 L.Ed.2d 124 (1973); *Henninger v. United States*, 473 F.2d 814 (9th Cir.), *cert. denied*, 414 U.S. 819, 94 S.Ct. 43, 38 L.Ed.2d 51 (1973); *Lowe v. United States*, 440 F.2d 452 (5th Cir.), *cert. denied*, 404 U.S. 833, 92 S.Ct. 83, 30 L.Ed.2d 64 (1971). Sidley's treatment at the Naval hospital clearly was incident to his military service.

■ Sidley next argues that the *Feres* doctrine is inapplicable to his suit since he was denied compensation under the Veterans' Benefit Act (VBA), thus undercutting the second rationale underlying the *Feres* doctrine. Following his March, 1984, motorcycle accident, Sidley was discharged from active military service in November, 1985, due to his disability. Shortly thereafter, Sidley submitted a claim for compensation to the Veterans' Administration (VA). The VBA provides servicemen compensation for injuries sustained in the line of duty. *See, e.g., Hatzlachh Supply Co. v. United States*, 444 U.S. 460, 100 S.Ct. 647, 62 L.Ed.2d 614 (1980); *Stencel Aero Engineering Corp. v. United States*, 431 U.S. 666, 97 S.Ct. 2054, 52 L.Ed.2d 665 (1977). The term "[i]n line of duty" in this context means "an injury or disease incurred or aggravated during a period of active military, naval, or air service unless such injury or disease was the result of the veteran's own willful misconduct." 38 C.F.R. § 3.1(m). The VA reviewed both medical and accident reports and found that Sidley was injured in the motorcycle accident as the result of consuming alcohol prior to the accident, operating his motorcycle at an excessive rate of speed, and failing to negotiate a curve. The VA disal-

---

**2.** The "*Feres* doctrine" related initially to three separate cases, two of which were claims of medical malpractice to servicemen treated in military hospitals.

lowed benefits reasoning that Sidley was injured as a result of his own willful misconduct.[3] While the existence of an alternate compensation system, such as the VBA, makes the sometimes harsh effect of the *Feres* doctrine more palatable, the denial or unavailability of these benefits does not affect the applicability of the *Feres* doctrine. *See, e.g., Joseph v. United States,* 505 F.2d 525 (7th Cir.1974); *Healy v. United States,* 192 F.Supp. 325 (S.D.N.Y.), *aff'd without opinion,* 295 F.2d 958 (2d Cir.1961). Since all three rationales underlying the *Feres* doctrine need not be present in order for courts to utilize the doctrine, *United States v. Shearer,* 473 U.S. at 58 n. 4, 105 S.Ct. at 3043 n. 4, whether or not Sidley was entitled to benefits under the VBA does not control the result here.

AFFIRMED.

---

**3.** The VA informed Sidley of its decision to deny him benefits by a notice dated June 6, 1986. Sidley has not sought an appeal of that decision by notice of disagreement to the Board of Veterans' Appeals nor sought to reopen the determination with new evidence, pursuant to 38 U.S.C. §§ 4004 and 4005 and 38 C.F.R. Part 19. The decision of the Board of Veterans' Appeals is the final decision on the issue of entitlement to benefits. 38 U.S.C. § 4004(a); 38 C.F.R. § 19.129.