928 F.2d 1132
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Steven L. CRAGO, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 90-5847.
 United States Court of Appeals, Sixth Circuit.
 March 28, 1991.
 
 On Appeal from the United States District Court for the Middle District of Tennessee, No. 88-00965; Higgins, J.
 M.D.Tenn.
 AFFIRMED.
 Before BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges, and ENGEL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Steven Crago, by next friend and legal guardian, Betty Eads, appeals summary judgment for defendant-appellee United States of America in this action filed under the Federal Tort Claims Act, 28 U.S.C. Sec. 1346(b), claiming that the United States Air Force breached a duty to treat plaintiff for his potentially dangerous psychological condition or warn him of the potential danger with the result that after plaintiff's discharge he became a paranoid schizophrenic and castrated himself. For the reasons that follow, we affirm.
 
 I.
 
 2
 Plaintiff enlisted in the United States Air Force on March 30, 1979. While assigned to the Spangahelm Air Force Base in Germany, plaintiff was referred by his sergeant to clinical social workers after exhibiting behavior problems. The Minnesota Multiphasic Personality Inventory ("MMPI") was administered in June of 1982 and later evaluated by Dr. Timothy Strongin, a captain in the Air Force and Chief of Psychological Services. Although Dr. Strongin did not fully accept the test results as valid, he recommended that plaintiff be interviewed carefully for paranoia, delusions, and/or unusual sensitivity to issues dealing with his sexuality. Absent these characteristics, Dr. Strongin recommended supportive psychotherapy.
 
 
 3
 Although plaintiff's behavior was noted as "worse" in a consultation dated July 28, 1982, plaintiff was transferred to the United States and discharged on November 22, 1982. Neither plaintiff nor his family was advised that plaintiff had psychological problems that were potentially dangerous. On November 19, 1984, plaintiff castrated himself. While in the hospital for treatment of his self-inflicted wounds, plaintiff was diagnosed as a paranoid schizophrenic.
 
 
 4
 Dr. Edmon L. Green, M.D., examined plaintiff in 1986 and concluded that plaintiff was suffering from paranoid schizophrenia. Dr. Green characterized the condition as "quite resistant to treatment." After reviewing plaintiff's medical files and taking note of Dr. Strongin's recommendations, Dr. Green stated: "Steven was discharged from the service without receiving the psychiatric treatment that he needed. Two years later with his untreated illness completely in command, Steven successfully castrated himself."
 
 
 5
 On November 17, 1988, plaintiff filed a complaint in the district court claiming that the Air Force knew of his problems and was negligent in failing to treat or warn him. On August 16, 1989, defendant filed a motion to dismiss pursuant to Rules 12(b)(1) and (6) and 12(c) of the Federal Rules of Civil Procedure arguing that the case should be dismissed pursuant to Feres v. United States, 340 U.S. 135, 146 (1950).
 
 
 6
 The district court referred the matter to a magistrate, and the magistrate held a hearing on October 5, 1989, in which certain exhibits were admitted on behalf of plaintiff. On March 15, 1990, the magistrate submitted a report and recommendation in favor of granting the motion to dismiss. On April 23, 1990, over plaintiff's objections, the district court entered an order adopting the magistrate's report and recommendation. Since the court considered material outside the pleadings, it treated defendant's motion as a motion for summary judgment and dismissed the action with prejudice. Plaintiff filed notice of appeal to this court on June 21, 1990.
 
 
 7
 The issue presented in this appeal is whether the Feres doctrine bars a claim by an ex-serviceman alleging that the government's pre-discharge knowledge that plaintiff's psychological condition made him potentially dangerous to himself gave rise to a post-discharge duty to treat or warn plaintiff, the breach of which caused plaintiff to castrate himself.
 
 II.
 
 8
 Where the district court considers materials outside the pleadings in ruling on a motion to dismiss, it must treat the motion as one for summary judgment. Fed.R.Civ.P. 12(b) & (c); Cook v. Providence Hosp., 820 F.2d 176, 178 (6th Cir.1987). This court's review of a grant of summary judgment is de novo. Storer Communications, Inc. v. National Ass'n of Broadcast Employees & Technicians, 854 F.2d 144, 146 (6th Cir.1988). Summary judgment is appropriate if there is no genuine issue of material fact presented, and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In making this determination, this court construes the evidence and all inferences to be drawn from the evidence in the light most favorable to the nonmoving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970). There is no issue for trial unless the record supplies sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).
 
 III.
 A.
 
 9
 In general, the Federal Tort Claims Act permits a civil action against the United States
 
 
 10
 for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.
 
 
 11
 28 U.S.C. Sec. 1346(b). In Feres v. United States, 340 U.S. 135, 146 (1950), the Court held that "the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." Thus, when the Feres doctrine is raised to bar a claim, a threshold determination must be made regarding whether the activity will be deemed "incident to service."[1] See Woodside v. United States, 606 F.2d 134, 140-41 (6th Cir.1979), cert. denied, 445 U.S. 904 (1980).
 
 
 12
 As regards the Feres doctrine, the term "incident to military service" is not a narrow term restricted to military training, field maneuvers, or combat situations. Rather, the Feres doctrine extends beyond situations where the soldier is acting pursuant to orders or while subject to direct military command or discipline.
 
 
 13
 Sidley v. United States, 861 F.2d 988, 990 (6th Cir.1988).
 
 
 14
 In Major v. United States, 835 F.2d 641, 644-45 (6th Cir.1987), cert. denied, 487 U.S. 1218 (1988), this court explained that
 
 
 15
 in recent years the [Supreme] Court has embarked on a course dedicated to broadening the Feres doctrine to encompass, at a minimum, all injuries suffered by military personnel that are even remotely related to the individual's status as a member of the military, without regard to the location of the event, the status (military or civilian) of the tortfeasor, or any nexus between the injury-producing event and the essential defense/combat purpose of the military activity from which it arose.
 
 
 16
 Id. (emphasis in original).
 
 
 17
 There are three equally important rationales behind the Feres doctrine: (1) The distinctively federal nature of the relationship between the government and members of the armed forces; (2) the existence of generous statutory benefits provided to servicemen for service related injuries; and (3) the detrimental effects of civil suits on military discipline. United States v. Johnson, 481 U.S. 681, 688-91 (1987); Stencel Aero Eng'g Corp. v. United States, 431 U.S. 666, 671 (1977). The presence or absence of any one supporting rationale is not determinative. Sidley, 861 F.2d at 990-991. Courts have also stated that "the relevant inquiry ... [is] 'whether the suit requires the civilian court to second-guess military decisions, and whether the suit might impair essential military discipline.' " Major, 835 F.2d at 644 (quoting Shearer v. United States, 473 U.S. 52, 57 (1985)).
 
 
 18
 In this case, as the magistrate noted, plaintiff asserts that his condition "began to develop while he was in [the] service," Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss, at 4, and there are assertions that given defendant's knowledge of plaintiff's condition it was negligence to discharge him. Id. Moreover, plaintiff recognizes that his condition "developed incident to service." Id. These assertions along with the undisputed facts demonstrate that the injury was at least "remotely related to [Crago's] status as a member of the military." Major, 835 F.2d at 644 (emphasis in original). Moreover, the magistrate correctly recognized that to allow the claim would be to second guess the military by "evaluating military medical diagnoses and the adequacy of [military] policies for medical treatment for medically discharged servicemen." Magistrate's Report and Recommendation at 6. Another factor that works in favor of applying the Feres doctrine to this case is the lack of proof that plaintiff fails to qualify for pension benefits under the Veterans Benefits Act, 38 U.S.C. Sec. 301 et seq.
 
 
 19
 Furthermore, this case in essence presents a claim of negligent psychological treatment and the "courts consistently have applied the Feres doctrine in barring servicemen's suits under the FTCA for alleged negligent medical treatment at a military hospital or medical facility." Sidley, 861 F.2d at 990. While it is not clear whether the plaintiff was treated at a military facility, it is clear that Dr. Strongin was acting for the military in the capacity of a health care professional. See Hawe v. United States, 670 F.2d 652, 653 (6th Cir.1982) (per curiam) (affirming dismissal of complaint based on "performance of medical and related health care functions" without discussing whether case involved a military hospital). Plaintiff has not presented any good reason that negligent psychiatric care should be treated differently under Feres than other forms of health care. See Johnson v. United States, 631 F.2d 34 (5th Cir.) (holding that Feres barred action based on negligent release by psychiatrist of a person with homocidal and suicidal tendencies), cert. denied, 451 U.S. 1018 (1981). Accordingly, we hold that the Feres doctrine bars any action for negligence on the part of Dr. Strongin which occurred while plaintiff was a member of the armed forces.
 
 B.
 
 20
 Plaintiff attempts to avoid the application of the Feres doctrine by arguing that this case fits within an exception for post-discharge torts. See United States v. Brown, 348 U.S. 110, 112 (1954) (action based on negligent treatment in V.A. hospital to serviceman who was discharged at the time of treatment was not barred by the Feres doctrine); Cole v. United States, 755 F.2d 873 (11th Cir.1985) (allegations that government knowledge concerning hazard of radiation increased significantly after discharge and thus gave rise to a new duty which was breached post-discharge was not barred by Feres ); Broudy v. United States, 722 F.2d 566 (9th Cir.1983) (same); see also Gaspard v. United States, 713 F.2d 1097 (5th Cir.1983)(recognizing that post-discharge torts are not subject to the Feres doctrine but holding that the exception does not apply to continuing torts), cert. denied, 466 U.S. 975 (1984). Plaintiff argues that since his condition was not diagnosed until after he was discharged and worsened until it actually "took command" of him after his discharge, this case fits within the post-discharge pattern.
 
 
 21
 As noted parenthetically above, Cole held that the Feres doctrine did not bar an action based on failure to warn of the hazards of radiation where it was alleged that the government's knowledge concerning the hazards of radiation increased significantly post-discharge, thus giving rise to a new duty at some time after the plaintiff's discharge. Cole, 755 F.2d at 876. In Cole, the court was quick to recognize that
 
 
 22
 courts of appeals ... have universally applied the Feres doctrine to bar ... suits in which the duty to warn originated when the injured serviceman was in the armed forces and merely continued after discharge.
 
 
 23
 This "continuing tort" theory was also rejected in Stanley v. Central Intelligence Agency, 639 F.2d 1146 (5th Cir. Unit B 1981). In Stanley, a veteran alleged in part negligence by the government in failing to monitor and warn him of the harmful effects of LSD which had been administered to him during an army chemical warfare study. In holding that Feres precluded the claim, the court reasoned that any negligent failure to warn "occurred at least in part during his time as a serviceman."
 
 
 24
 Id. (footnote omitted.[2] The allegations in Cole presented the possibility that a "new duty" arising post-discharge had been breached. In determining whether a case presents a possible post-discharge duty and breach, "the crucial inquiry is whether the purported conduct of the government giving rise to the plaintiff's cause of action occurred while the injured party was still a member of the armed forces." Id. at 877.
 
 
 25
 Assuming arguendo that the rationale of Cole is solid and would be adopted in this circuit, Cole is distinguishable from this case. In Cole the allegation was made that the government obtained additional knowledge of the hazards of radiation after the serviceman was discharged. 755 F.2d at 876; see also Broudy, 722 F.2d at 569-70. Thus, the purported conduct giving rise to the cause of action was the failure to warn necessitated by knowledge acquired after the plaintiff was discharged. In this case allegations are made that plaintiff's condition fully manifested itself after his discharge and took command of the plaintiff causing him to castrate himself; however, there is no allegation that the government acquired knowledge relating to the plaintiff's condition at some point in time after he was discharged. Since plaintiff has failed to show a post-discharge event which would have precipitated a new duty on behalf of the United States Air Force, the conduct which gave rise to his purported cause of action necessarily occurred, as the magistrate concluded, prior to plaintiff's discharge and continued until his self-inflicted injury. Consequently, this case fits the continuing-tort pattern of Stanley recognized in Cole as barred by the Feres doctrine. See also Heilman v. United States, 731 F.2d 1104, 1108 (3d Cir.1984) (Feres bars recovery where knowledge of the danger of exposure to radiation existed prior to discharge and failure to warn continued past the discharge date); Lombard v. United States, 690 F.2d 215, 220 (D.C.Cir.1982) (Since plaintiff "concedes that the Army knew of the potential dangers involved in exposing servicemen to radioactive substances at the time of the exposure itself ... [t]he negligent act of 'failing to inform,' then, began at the time of initial exposure and continued...." Thus, the claim is barred by Feres.), cert. denied, 462 U.S. 1118 (1983).
 
 IV.
 
 26
 For the reasons stated, the summary judgment of the district court is AFFIRMED.
 
 
 
 [1]
 Quoting from Woodside, plaintiff asserts that "[w]hether a service member is engaged in an activity incident to service is a question of fact." 606 F.2d at 141. Although it is true this statement was made in Woodside, that case does not support the proposition that a trier of fact must determine whether the case fits within the parameters of the Feres doctrine. In Woodside, despite the statement that plaintiff relies on, this court affirmed the district court's dismissal under Rule 12(b)(6) for failure to state a claim. Had that case presented a question of fact as to whether the activity was incident to service, then dismissal under 12(b)(6) for failure to state a claim. Had that case presented a question of fact as to whether the activity was incident to service, then dismissal under 12(b)(6)would have been reversible error. See also Sidley v. United States Dept. of Navy, 861 F.2d 988 (6th Cir.1988) (per curiam) (affirming dismissal for lack of subject matter jurisdiction in an action based upon negligence of navy doctors); Irvin v. United States, 845 F.2d 126 (6th Cir.) (affirming dismissal on the basis of the Feres doctrine where mother-servicewoman filed action to recover for death of her infant daughter alleging negligent prenatal care), cert. denied, 488 U.S. 975 (1988); Major v. United States, 835 F.2d 641 (6th Cir.1987) (per curiam) (affirming dismissal on holding that soldiers were engaged in activity incident to service when their motorcycle was struck by another vehicle inside the confines of a military base although the soldiers were not on duty), cert. denied, 487 U.S. 1218 (1988); Martin v. United States, No. 87-1590 (6th Cir. September 6, 1988) (unpublished opinion) (summary judgment affirmed because Feres doctrine prevents recovery for negligent failure to diagnose leukemia)
 
 
 [2]
 Cole was an Eleventh Circuit case, whereas Stanley was a Fifth Circuit case. The Eleventh Circuit, in Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir.1981) (en banc), adopted the decisions of the Fifth Circuit rendered prior to October 1, 1981