69 F.3d 538
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lenna Jean WATSON, Plaintiff-Appellant,
v.
UNITED STATES of America.
 No. 94-1943.
 United States Court of Appeals, Sixth Circuit.
 Nov. 6, 1995.
 
 Before LIVELY, RYAN and SILER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff, Lenna Jean Watson, appeals entry of summary judgment in favor of the defendant, United States, in her personal injury/medical malpractice action filed under the Federal Tort Claims Act (FTCA). Watson argues that the doctrine and rationale of Feres v. United States, 340 U.S. 135 (1950), is no longer viable and the district court's reliance on it as a basis to grant summary judgment for the government was erroneous. For the reasons stated herein, we affirm the district court.
 
 I.
 
 2
 The facts of this case are uncontroverted. On May 7, 1985, while a member of the military services at Patuxant River Naval Air Station, Maryland, Watson suffered a tick bite and presented herself to Naval medical personnel for treatment. Continuing until her discharge from the armed services on May 17, 1989, she received extensive medical treatment from military personnel, who failed to diagnose that she had contracted Lymes disease from the tick bite and they never treated her for this disease. An early diagnosis of Lymes disease and proper treatment would have significantly limited or eliminated Watson's pain, suffering, medical costs and disability.
 
 
 3
 On October 1, 1993, Watson filed suit under the Federal Tort Claims Act alleging negligence on behalf of the government for failure to diagnose. The district court granted summary judgment in favor of the government based upon the Supreme Court's decision in Feres v. United States, 340 U.S. 135 (1950).
 
 II.
 
 4
 Pursuant to the FTCA a civil action may be had against the United States [f]or injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.
 
 
 5
 28 U.S.C. Sec. 1346(b). Thus, in cases of wrongful government action where the statutory waiver of sovereign immunity is applicable, the FTCA provides remedies. Sidley v. United States, 861 F.2d 988, 989 (6th Cir.1988).
 
 
 6
 However, judicial decision has created an exception to that liability imposed by the FTCA. "The Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of the activity incident to service." Feres, 340 U.S. at 159.
 
 
 7
 Although Watson argues that the Feres decision is "outmoded" and "should be overruled," since its 1950 decision, the Supreme Court has not only consistently applied the doctrine, but has continued to expand its scope. See United States v. Johnson, 481 U.S. 681, 688 (1987). See also Sidley, 861 F.2d at 989 (Since its decision, "[t]he 'Feres doctrine' has been consistently applied by the Court.").
 
 
 8
 This court considered a similar situation in Sidley. There, an off-duty Naval serviceman was involved in a motorcycle accident off the base where he was stationed. He was taken to the Navy hospital where he was stationed and treated for his injuries. Subsequently, he filed suit alleging negligent medical treatment of his injuries. This court, after discussing the Feres doctrine and its underlying rationales, dismissed the claim finding that "courts consistently have applied the Feres doctrine in barring servicemen's suits under the FTCA for alleged negligent medical treatment at a military hospital or medical facility." Sidley, 861 F.2d at 990 (citing numerous cases).
 
 
 9
 In support of her arguments Watson cites almost exclusively to Justice Scalia's dissenting opinion in Johnson. However, in Johnson, the majority of the Supreme Court stated that it found Justice Scalia's argument for overruling Feres to be "unconvincing." Johnson, 481 U.S. at 688, n. 9.
 
 
 10
 Recent decisions from other circuits all continue to support the continued viability of Feres. See, e.g., Varma v. United States, 29 F.3d 646 (D.C.Cir.1994); Kelly v. Panama Canal Commission, 26 F.3d 597 (5th Cir.1994); Hata v. United States, 23 F.3d 230 (9th Cir.1994); and Stephenson v. Stone, 21 F.3d 159 (7th Cir.1994).
 
 
 11
 Thus, Watson's claim that Feres is "outmoded" and "should be overruled" is meritless. There is no indication that the reversal of Feres is foreshadowed at this point in time by anything that has been said by the Supreme Court. "[T]enous suggestions indulging in speculation as to the future actions of the Supreme Court would undermine the doctrine of stare decisis." Turner v. Tennessee Valley Authority, 859 F.2d 412, 416 (6th Cir.1988).
 
 
 12
 Finally, Watson's claim that application of the Feres doctrine here would be inappropriate because it would not further any of Feres' stated goals is without merit. Two of the underlying cases of Feres also involved similar claims of negligent medical treatment at a military hospital while the serviceperson was on duty. Further, "courts consistently have applied the Feres doctrine in barring servicemen's suits under the FTCA for alleged negligent medical treatment at a military hospital or medical facility." Sidley, 861 F.2d at 990 (citations omitted).
 
 
 13
 AFFIRMED.