KENNEDY, Circuit Judge.
Plaintiff, Shirley Skees, the personal representative and widow of John Skees, appeals the District Court’s order dismissing her complaint under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq., pursuant to Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), which precludes recovery under the Federal Tort Claims Act for injuries and deaths that occur incident to service in the military. For the reasons set forth below, we agree and AFFIRM the judgment of the District Court.
I.
The facts of this appeal are uncontested. Defendant, the United States, owns and operates the Ireland Army Community Hospital in Fort Knox, Kentucky, through the Department of the Army. From December 29,1983 through March 24,1992, John Skees, the decedent, was on active duty in the United States Army and stationed at Fort Knox. John Skees was admitted to the Ireland Army Community Hospital on March 20, 1992, after declaring that he intended to commit suicide and had prepared a suicide note. His treating physicians at the hospital diagnosed Skees as suffering from “Adjustment Disorder with Mixed Emotional Features and Passive Aggressive Traits.”
Shortly after his discharge from the hospital,[1] on March 23, 1992, Skees reiterated his intent to commit suicide to Sergeant First Class J.T. Daniels, his Platoon Sergeant, and displayed to him the instrument he planned to use to commit suicide. Daniels did not take the weapon away from Skees or engage in any other preventative measures. Daniels did, however, inform his first sergeant, but his first sergeant likewise took no steps to prevent the suicide even when Skees failed to report to duty at his scheduled time. In addition to their knowledge of Skees’ intent to commit suicide, his military supervisors were also aware that Skees had a history of alcohol abuse. When Skees informed Daniels for the third time that he intended to end his life, Daniels contacted Ireland Army Community Hospital, but the hospital said they could do nothing for Skees. Skees committed suicide on March 24, 1992.[2] It was officially determined that Skees’ discharge from the hospital “appeared to be clinically appropriate” and that his suicide was related to the consumption of alcohol.
On May 31,1995, Shirley Skees, as personal representative and widow of John Skees, filed an action against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671, et seq. (“FTCA”), alleging that the acts or omissions of the decedent’s military supervisors and the medical staff at Ireland Community Army Hospital were a direct and proximate cause of the decedent’s death. In addition to seeking damages for the death of her husband, plaintiff also sought compensation for the loss of her husband’s services, assistance, aid, society, companionship and conjugal relationship under Ky.Rev.Stat.Ann. § 411.145 (Banks-Baldwin 1994).
The United States moved to dismiss the complaint on the ground that the United States Supreme Court’s decision in Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), precludes an active member of the military or members of the enlisted’s family from recovering an award under the FTCA. On November 15, 1995, the District Court granted the United States’ motion because “a soldier may not recover under the FTCA for injuries that arise out of or are in the course of activity incident to service.” The court also dismissed Shirley Skees’ claim for loss of consortium as derivative of her barred claim under the FTCA.
II.
It is not apparent from the pleadings or from the District Court’s opinion and/or order on precisely what procedural ground the complaint was dismissed. If the complaint was dismissed for lack of subject matter jurisdiction, as the United States contends, *-1161 we review the dismissal de novo. See Kroll v. United States, 58 F.3d 1087, 1090 (6th Cir.l995)(citing Greater Detroit Resource Recovery Auth. v. EPA 916 F.2d 317, 319 (6th Cir.1990)). When the factual allegations in the complaint are not disputed, this Court “is to construe the complaint liberally, and ... to take as true all uncontroverted factual allegations on the face of the complaint.” Idl (citing Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).
If this action was dismissed for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure, we similarly review the propriety of the dismissal de novo. See Cline v. Rogers, 87 F.3d 176, 179 (6th Cir.), cert. denied, — U.S.—, 117 S.Ct. 510, 136 L.Ed.2d 400 (1996), (citing Taxpayers United for Assessment Cuts v. Austin, 994 F.2d 291, 296 (6th Cir.1993)). In conducting our review, we must construe the complaint in a light most favorable to the plaintiff, accept as true all of plaintiffs well-pleaded factual allegations, and determine whether plaintiff can prove no set of facts supporting her claims that would entitle her to relief. See Id. (citing In re DeLorean Motor Co., 991 F.2d 1236, 1240 (6th Cir.1993)). Applying these standards, we find that plaintiffs complaint properly did not withstand the motion to dismiss.
The FTCA provides, in relevant part, that: The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances.
28 U.S.C. § 2674 (1994). Excepted from this general waiver of sovereign immunity are claims “arising out of the combatant activities of the military or naval forces, or the Coast Guard, during time of war.” Id. § 2680(j). This exemption for the activities of the armed forces was broadened by the United States Supreme Court in a trilogy of cases from which a rule of law was established commonly referred to as the “Feres doctrine.” See Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950)(consoli-dated and decided along with Jefferson v. United States and United States v. Griggs). In Feres, the Court held that “the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service.” Id. at 146, 71 S.Ct. at 159. While the Court has wavered slightly, since its decision in Feres, regarding the appropriate factors to consider in determining when injuries “arise out of or are in the course of activities incident to service,” the Court in United States v. Johnson, 481 U.S. 681, 107 S.Ct. 2063, 95 L.Ed.2d 648 (1987), iterated the three rationales that underlie the Feres doctrine:
... First, “[t]he relationship between the Government and members of its armed forces is ‘distinctively federal in character,’ ” ... [wjhere a service member is injured incident to service — that is, because of his military relationship with the Government — it makes no sense to permit the fortuity of the situs of the alleged negligence to affect the liability of the . Government to [the] serviceman...
Second, the existence of ... generous statutory disability and death benefits is an independent reason why the Feres doctrine bars suit for service-related injuries ...
Third, Feres and its progeny indicate that suits brought by service members against the Government for injuries incurred incident to service are barred by the Feres doctrine because they .are the “type[s] of claims that, if generally permitted, would involve the judiciary in sensitive military affairs at the expense of military discipline and effectiveness”...
Johnson at 689-90 (citations omitted).
As explained by this Court in Major v. United States, 835 F.2d 641 (6th Cir.1987), the term “incident to service” espoused in Feres is not a term limited to military training and combat; rather
in recent years, the [Supreme] Court has embarked on a course dedicated to broadening the Feres doctrine to encompass, at a minimum, all injuries suffered by military personnel that are even remotely related to the individual’s status as a member of the military, without regard to the *-1160 location of the event, the status (military or civilian) of the tortfeasor, or any nexus between the injury-producing event and the essential defense/combat purpose of the military activity from which it arose.
Major at 644-45. As concluded by the Supreme Court, included in the term “incident to service” is medical treatment received by a soldier on active duty. Indeed, two of the cases comprising the Feres trilogy asserted claims for negligent medical treatment of servicemen. See Feres at 137, 71 S.Ct. at 155. Accordingly, our Circuit has held, on numerous occasions, that claims by active duty servicemen against the United States for negligent treatment by medical staff at a military hospital are barred by the Feres doctrine.
For example, in Irvin v. United States, 845 F.2d 126 (6th Cir.1988), we held that a servicewoman’s suit alleging negligent prenatal care and treatment rendered by employees of the Army was barred “under a straightforward reading of Feres ” because the servicewoman was “on active duty in the United States Army during the time in question, and the injuries to her arose out of or were in the course of activity incident to service.” Id. at 130. Similarly, in Sidley v. United States, 861 F.2d 988 (6th Cir.1988), this Court held that the trial court properly dismissed a complaint alleging that Navy doctors negligently treated a serviceman’s fractured leg following a motorcycle accident. Id. at 989. See also Hawe v. United States, 670 F.2d 652 (6th Cir.1982); Woodside v. United States, 606 F.2d 134 (6th Cir.1979).
Plaintiffs claim that members of Skees’ chain of command negligently supervised him is similarly barred. Skees claims that “[t]he military knew of John Skees’ alcohol problems, but failed to follow their own regulations which required them to address and treat John Skees’ problems.” Plaintiffs Complaint at 2. This allegation, however “goes directly to the ‘management’ of the military; it calls into question basic choices about the discipline, supervision, and control of a serviceman,” United States v. Shearer, 473 U.S. 52, 58, 105 S.Ct. 3039, 3043, 87 L.Ed.2d 38 (1985), and it is, therefore, an allegation about which we are’ prohibited from inquiring according to Shearer. We have previously so held in Major v. United States, 835 F.2d 641, 645 (6th Cir.1987), and Satterfield v. United States, 788 F.2d 395, 397-98 (6th Cir.1986). In both Major and Satterfield we refused to inquire into whether military personnel had violated their own internal regulations because such an inquiry would “impermissibly insinuate[ ] the civilian judiciary into military ... decisions.” Major at 645.
Plaintiff attempts to distinguish her case from those previously decided by this Court by arguing that her husband was “off-duty” when he committed suicide and that, therefore, two of the three rationales supporting the Feres doctrine do not apply. Specifically, she asserts that, because Skees’ death occurred in “off-duty” conditions, the claim is neither “distinctly federal” nor “distinctly military” in nature. Plaintiffs Complaint at 4. However, as noted by the United States Court of Appeals for the Ninth Circuit, “the relevant distinction ... is between service-persons who are ‘active duty5 and those who have been discharged or are on furlough, not between ‘off-duty1 and ‘on-duty1 servieeper-sons.” Persons v. United States, 925 F.2d 292, 296 n. 6 (9th Cir.1991). In Persons, the Ninth Circuit held that a widow’s claim that her husband committed suicide as a result of the negligence of a naval hospital failed because “[ajlthough he was off-duty, Kelly Persons enjoyed the use of the naval hospital, ‘solely by virtue of his status as a serviceman.’ ” Id. at 296 (citations omitted). With similar reasoning, the First Circuit in Borden v. Veterans Administration, 41 F.3d 768 (1st Cir.1994), held that a claim for medical malpractice brought by a serviceman who was injured while “off-duty” playing basketball was barred because “[pjlaintiff was an active servieemember who was entitled to medical treatment at a military hospital precisely because of his military status.” Id. at 768-64. See also Sidley v. United States, 861 F.2d 988 (6th Cir.1988); Estate of McAllister v. United States, 942 F.2d 1473, 1479 (9th Cir. 1991).
Presuming that Skees was off-duty at the time of his suicide, the alleged medical mistreatment and negligent supervision, we *-1159 agree with the First and Ninth Circuits that Skees’ status as an active duty serviceperson, not whether he was on or off-duty at the time of his death, is controlling. The claimed inappropriate conduct arose incident to service precisely because of Skees’ status as an active serviceman. He was treated by staff at the Ireland Army Community Hospital and subject to a military chain of command precisely because of his status as a serviceman. We, therefore, find that whether Skees was on or off duty at the time of the alleged negligence to be irrelevant for purposes of determining whether the Feres doctrine should bar plaintiff’s claim.
In a further attempt to distinguish her claim under the FTCA, plaintiff contends that the hospital “is not a combat or distinctly ‘Field’ or ‘Army’ medical facility for soldiers only ... [it] provides services not only to military personnel, but to retired military persons and the civilian dependents” of servicemen in several specialties. Plaintiffs Complaint at 4. Consequently, plaintiff contends that her claims should not be barred by the Feres doctrine.
To the extent that Ireland Army Community Hospital serves the civilian population in addition to military personnel, the hospital’s civilian component is insufficient to exempt Skees’ claim from application of the Feres doctrine. This is so because the United States Supreme Court in United States v. Johnson, 481 U.S. 681, 107 S.Ct. 2068, 95 L.Ed.2d 648 (1987), took one step further and applied the Feres doctrine to a claim against civilian employees. In Johnson, a helicopter pilot for the Coast Guard, Horton Johnson, was dispatched to search for a lost boat. Due to inclement weather, Johnson sought radar assistance from the Federal Aviation Administration (“FAA”). Shortly after the FAA assumed radar control over Johnson’s helicopter, he crashed into the side of a mountain and was killed. Id. at 682-83, 107 S.Ct. at 2064-65. Johnson’s widow filed suit under the FTCA seeking damages from the United States on the ground that the FAA flight controllers acted negligently while guiding the helicopter in the inclement weather. Id. at 688, 107 S.Ct. at 2064-65. The Court applied the Feres doctrine holding that “this Court has never suggested that the military status of the alleged tortfeasor is crucial to the application of the doctrine... There is no dispute that Johnson’s injury arose directly out of the rescue mission, or that the mission was an activity incident to his military service. Johnson went on the rescue mission specifically because of his military status.” Id. at 686, 691, 107 S.Ct. at 2066,2069. Analogously, Skees sought medical treatment at Ireland Army Community Hospital specifically because of his active status in the United States Army. Whether or not the hospital has some civilian characteristics. is, therefore, not determinative under Johnson. In this regard, we are in agreement with the First Circuit’s opinion in Borden v. Veterans Administration, 41 F.3d 763 (1st Cir.1994), wherein the court held that a servicemember’s claim of negligent medical treatment at a military hospital rendered in part by civilian employees was barred “regardless of ... the civilian status of the government employees who allegedly participated” in his treatment. Id. at 763-64.[3]
Plaintiffs third claim asserts a cause of action under Ky.Rev.StatAnn. § 411.145 *-1158 for loss of consortium. We agree with those circuits that have held a claim for loss of consortium in this context is derivative of a serviceman’s death in the course of activity incident to service. As such, it must be barred by the Feres doctrine, as well. As noted by the Fifth Circuit, “[t]his is true even when the claims of the family members are independent of the serviceman’s cause of action under applicable state law.” Gaspard v. United States, 713 F.2d 1097, 1102 (5th Cir.1983). See also Schoemer v. United States, 59 F.3d 26, 30 n. 5 (5th Cir.), cert. denied, — U.S. —, 116 S.Ct. 519, 133 L.Ed.2d 427 (1995); Persons v. United States, 925 F.2d 292, 297 (9th Cir.1991); Kendrick v. United States, 877 F.2d 1201, 1206-07 (4th Cir.1989); Lombard v. United States, 690 F.2d 215, 226 (D.C.Cir.1982); De Font v. United States, 453 F.2d 1239, 1240 (1st Cir.1972).
III.
For the foregoing reasons, the judgment of the District Court is AFFIRMED.

. The Chief of Inpatient Psychiatry at the hospital, Dr. Pappa, telephoned Skees’ mother shortly after his release and expressed his concern over Skees’ release.

. After his suicide, Dr. Pappa again expressed his concern regarding Skees’ release. On this occasion, Dr. Pappa spoke with Skees' widow.

. We decline plaintiff's invitation to adopt the Second Circuit’s approach in Taber v. Maine, 67 F.3d 1029 (2d Cir.1995). Since Taber, the Second Circuit determines when a claim is barred by the Feres doctrine by "considering the same question that would determine whether the plaintiff would be entitled to receive standard workers' compensation payments for his injury: was the plaintiff engaged in activities that fell within the scope of the plaintiff's military employment?” Id. at 1050.
We do note, however, that even under Taber plaintiff's claim would be barred. In Taber, the court explained that a case decided by the Second Circuit six years prior, Sanchez v. United States, 878 F.2d 633 (2d Cir.1989), remained good law. In Sanchez, a serviceman was injured due to the negligent repair by a Marine Corps garage of the vehicle in which he was riding. The court applied the Feres doctrine noting that the garage “was not open to the public but only to military personnel and certain civilians connected with the base” and that "plaintiff's connection to the mechanic’s shop was an important incident of his military service.” Id. at 1051-52. We find Sanchez to be more closely aligned with the facts of the case at hand than Taber where a serviceman was injured off base in an automobile collision with another serviceman who had been drinking on base.