# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2991

_____

Connie Sloan, Special Administrator   *
of the Estate of Kevin Sloan, Deceased,   *
                                       *

Plaintiff - Appellant,         *
                                       *   Appeal from the United States
v.                               *   District Court for the
                                       *   District of Nebraska.

United States of America,      *
                                       *      **[UNPUBLISHED]**

Defendant - Appellee.      *

_____

Submitted: March 21, 2000
Filed: March 27, 2000

_____

Before LOKEN, FAGG, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Air Force Sergeant Kevin Sloan underwent elective jaw surgery at the Offutt Air Force Base hospital on the morning of September 30, 1997. He suffered tragic complications in the recovery room and was brain dead that evening. Further treatment at the University of Nebraska Medical Center was unsuccessful, and Sloan was declared legally dead on October 5. His widow, Connie Sloan, then commenced this medical malpractice action under the Federal Tort Claims Act (FTCA), alleging that the hospital's agents failed to exercise reasonable care in monitoring and treating her

husband after his surgery. Mrs. Sloan appeals the district court's[1] dismissal of her suit for lack of subject matter jurisdiction. We affirm.

The FTCA does not waive the government's sovereign immunity from suits for "injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." Feres v. United States, 340 U.S. 135, 146 (1950). In dismissing the complaint for lack of jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the district court found that Sgt. Sloan was on active duty when he began the surgery on September 30, 1997, and remained on active duty until his condition deteriorated irretrievably that night. He was placed on the temporary disability retired list (TDRL) effective October 1. Our sister circuits "have reached varying conclusions with respect to whether an action for military medical malpractice is barred by the *Feres* doctrine when the plaintiff was on TDRL status at the time the alleged tort was committed." Bradley v. United States, 161 F.3d 777, 782 (4th Cir. 1998). We need not enter that debate in this case because it is clear Sgt. Sloan was on active duty status until his condition was hopeless, beyond the time when the alleged malpractice necessarily occurred. Accordingly, Mrs. Sloan's claims are barred by the Feres doctrine, including her derivative claims on behalf of herself and her children. See Skees v. United States, 107 F.3d 421, 422, 426 (6th Cir. 1997).

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1]The HONORABLE WILLIAM G. CAMBRIDGE, Chief Judge of the United States District Court for the District of Nebraska.